CANEY GREEN v. THE STATE.

No. 3461.  Decided January 31, 1906.

**1.—Burglary—Evidence—Hearsay—Want of Conspiracy.**

Upon a trial for burglary it was error to admit in evidence the declarations of third parties with reference to the burglary and made in the absence of the defendant, no conspiracy having been shown.

**2.—Same—Impeachment—Corroboration.**

On a trial for burglary where an accomplice testified on cross-examination by the defendant that he had not been promised immunity, and there was no effort on the part of the defense to contradict this in any way, it was error to admit testimony on the part of the State in corroboration of the accomplice's testimony that he had made similar statements to the grand jury and district attorney.

**3.—Same—Opinion of Witness—Evidence.**

Upon trial for burglary it was error to admit the testimony of a State's witness that according to his impression and habits he closed the door of the burglarized house as he started away.

**4.—Same—Accomplice—Want of Corroboration—Breaking.**

Where upon trial for burglary the evidence did not show, except by the accomplice, that there was any breaking or burglarious entry of the house alleged to have been burglarized, or that the property was inside the house at the time it was taken, the evidence was not sufficient to sustain a conviction of burglary.

Appeal from the District Court of Hale.  Tried below before Hon. L. S. Kinder.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. C. Mathes, Wilson, Dalton & Wilson,* and *J. T. Montgomery,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for burglary, two years in the penitentiary being fixed as the punishment.

Witness Tom Speakman was permitted to testify that after a little show had occurred in the courthouse (the alleged burglarized house) and the proprietor of the show had been carried to jail for being drunk, and the show had come to an end, he came down out of the courthouse, where the show had exhibited, and was standing near the side steps, when John Hamilton and Workman passed.  Workman said to Hamilton, "Let's get the showman's money-box or money," don't remember which he said.  Hamilton refused, and went on over to the west side barber shop.  John Hamilton was permitted to testify to the same facts.  Several objections were urged to the testimony of the witnesses.  The bills show that appellant was not present and at that time

there was no conspiracy formed or agreement entered into to enter the courthouse or take the money of the alleged owner. The thory of the State is that subsequent to this, the witness Speakman, appellant and Workman broke into the courthouse and got some money belonging to Karmont, who is shown to have been the proprietor of the little show. This testimony was not admissible. It was a proposition on the part of Workman to Hamilton to take the money of Karmont, not acceded to by Hamilton. If there was any agreement entered into by Speakman, appellant and Workman, it was sometime subsequent. This testimony was purely hearsay, was made in the absence of the defendant, and before any conspiracy was formed, and could in no wise bind appellant. It is not brought within any of the rules that would permit the acts and declarations of a co-conspirator in furtherance of the common design to be admitted.

The witness Dyer testified, over objections of appellant, in regard to the testimony of the accomplice Speakman before the grand jury; that portion of it to which objection is urged is as follows: That the accomplice testified before the grand jury, stating: "I understood at the time I made the sworn statement before Judge Mathes, that I was not to have immunity from prosecution, but on the other hand was to be dealt with the same as the other boys. I made that statement and also the foregoing one with the full understanding that they could be used against me; and further stated that I had no object in making them other than to tell the truth, and have made them because they are true." This witness also testified as a fact that Speakman was not promised immunity from punishment by himself as grand juror or any one else so far as the witness knew, either before or after he testified; and further that Speakman was indicted for the offense. The district attorney was permitted to testify that after Speakman had testified before Judge Mathes and before the grand jury, that he, the district attorney, had not permitted him immunity from punishment. While Speakman was on the stand he had been asked the same question, and had answered that he had not been promised immunity from punishment. Various objections are urged to the introduction of the testimony of the foreman of the grand jury to the district attorney, as above stated. This evidence was introduced for the purpose of corroborating the accomplice Speakman, who had stated on cross-examination that he had not been promised immunity from punishment. This testimony was introduced either for the purpose of corroborating the witness, or for the purpose of sustaining him on the theory that he had been impeached. On the cross-examination of Speakman he stated that he had not been promised immunity from punishment. Appellant did not undertake to contradict this in any way. There the matter rested. This evidence was inadmissible. The witness could not be thus corroborated, nor could he be sustained on the theory of impeachment, unless there had been an attack made upon his testimony allowing this character of sustaining evidence. Conway v. State, 33 Texas

Crim. Rep., 327; Ezell v. State, 65 S. W. Rep., 370; Hunter-Evans Co. v. Lanius, 82 Texas, 677; Ry. Co. v. Ritter, 41 S. W. Rep., 753. We deem it unnecessary to discuss the question. In these authorities the rule is strongly and pointedly stated.

Witness Ed Burch was permitted to testify as follows: "I do not remember and cannot swear as to the exact position I left the door in, but it is my impression from my habits as to such things and my recollection, that I pulled it to as I started down." Various objections are urged to this testimony, which is to the effect that he was testifying to his impressions based upon his habits in regard to such things. Upon another trial we believe this character of testimony should not be admitted. The witness may state the facts and even his best recollection but not his impression or opinion as to what he may have done, based upon his habit as to such things.

There were several instructions requested by appellant which were refused by the court, submitting pertinently, as we understand the record, some phases of the law applicable to the facts stated. We have deemed it unnecessary to enter into a discussion of these charges, because the evidence in our judgment is not sufficient to support the conviction.

We have investigated the facts carefully to ascertain if the accomplice Speakman has been corroborated as to the burglary or breaking of the house, and if there is any evidence in the record corroborating him as to the burglary, we have been unable to find it. Speakman testified to the fact that he, Workman and appellant entered the house, and got the showman's money-box, took it out of the house, out of town some distance, opened it, and divided the contents among themselves. There is not a witness who testifies that the door was opened except Speakman. The sheriff testified that his impression, based upon his habit as well as his recollection, was that he closed the door after he placed the owner of the exhibition in jail for being drunk. But no witness, except Speakman, testifies that the door was subsequently opened by anybody. Nor is there any evidence to corroborate Speakman as to the fact that the money-box of which he speaks was in the courthouse after it was closed. Before this conviction could be had under the peculiar facts, it was necessary for the State to show by testimony other than Speakman that the house was broken open, or the door pushed open. In the absence of corroboration as to that fact; then if the State could have proved, by other testimony than Speakman, that after the sheriff closed the door, if in fact he did close it, that the money-box was inside the room, then there would be circumstances corroborative of Speakman's testimony, because the money-box was found the next morning outside the courthouse in the hack belonging to this showman. The judgment as it stands is predicated, so far as the facts are concerned, alone on the uncorroborated testimony of the accomplice Speakman. The court submitted two counts: the first for burglary, and the fourth count for theft of the money said to have

been in the box. He was convicted of burglary under the first count. This eliminates the fourth count, and therefore it is not necessary to discuss it. But as the evidence in this case is presented, there is an utter want of corroboration of the accomplice Speakman as to the burglary. The conviction is set aside, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*