## James W. Gill v. The State.

### No. 4107. Decided May 12, 1909.

**1.—Robbery—Firearms—Motion for New Trial—Acquittal of Codefendant.**

Where upon trial for robbery by the use of firearms, defendant was convicted, and during the same term of the court before adjournment his codefendant was acquitted, the defendant in his motion for new trial showed that the testimony of his codefendant would contradict the testimony of the main State's witness

as to the question of defendant's identity, the motion should have been granted; and this whether such codefendant's character was such as to make his testimony doubtful of belief or not, this was a question for the jury.

**2.—Same—Evidence—Co-Conspirator.**

It is incumbent upon the State, before declarations of a co-conspirator made in the absence of defendant are admissible, to show that same were made pending the conspiracy and before the object is accomplished for which such conspiracy was entered into; and it was error in the trial of robbery to admit in evidence declarations of an alleged co-conspirator made in the absence of defendant and before a conspiracy was shown. Green v. State, 49 Texas Crim. Rep., 238

Appeal from the District Court of El Paso. Tried below before the Hon. A. M. Walthall, special judge.

Appeal from a conviction of robbery by the use of firearms; penalty, five years confinement in the penitentiary.

The opinion states the case.

*Jackson, Lea & Ware* and *Moore & Moore,* for appellant.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant appeals from a conviction had in the District Court of El Paso County, finding him guilty of the offense of robbery by the use of firearms. The record shows that originally appellant and one W. A. Naill were indicted for the offense of robbing one Van Rooyen, in the city of El Paso. Sometime after the indictment of these two parties an indictment was also returned against one Clements, who was constable at the date of the alleged robbery. Appellant was convicted on the 27th day of October, 1908. Soon after this and before the adjournment of court, W. A. Naill, who had also been indicted for the same offense, was tried in said court and acquitted.

1. Appellant by amended motion for new trial set up the acquittal of Naill and asked that the judgment of conviction be set aside to the end that he might have the benefit of Naill's testimony. This motion, we think, should have been granted. The testimony of Van Rooyen is to the effect in substance that he and Naill were together when the robbery occurred, and it was the theory of the State that Naill was conniving and acting in concert with appellant and Clements. The identification of the appellant by Van Rooyen is, to our minds, quite unsatisfactory. He had never seen appellant but once before, and that something like two weeks before the robbery in Torreon, Mexico, and had but little conversation with him at the time. In fact, he does not distinctly say that he heard him make more than one remark. At the time of the robbery it was quite dark. Van Rooyen testifies that the men who robbed him had their hats pulled down over their faces and the lower part of

their faces covered with their handkerchiefs; that he recognized appellant by his voice and by his walk. He is contradicted in many ways, and many of his statements on the two trials· are in themselves contradictory. Attached to appellant's motion for a new trial is a long affidavit of the witness Naill who had, as stated, been acquitted. His testimony would have contradicted that of Van Rooyen in many particulars. He was an intimate acquaintance of appellant and had known him many years, and was naturally and necessarily familiar with his appearance, voice and bearing. He would have testified that neither of the persons engaged in the robbery of himself and Van Rooyen was appellant; that the voice of neither of these parties was the voice of appellant, or similar to the voice of appellant. The affidavit contains a full statement of the immediate facts touching the robbery which would have strongly contradicted Van Rooyen's testimony and would have been distinctly favorable to appellant. After his acquittal, he would have been a competent witness in the case. Before acquittal his testimony was unavailable. It is well settled that if after the defendant is tried and convicted his codefendant is tried and acquitted, the testimony of the latter is held to be newly discovered. This is so thoroughly settled in this State as to no longer be debatable. Sanders v. State, 52 Texas Crim. Rep., 465, 107 S. W. Rep., 839; Lyles v. State, 41 Texas, 172 (19 Am. Rep., 38); Rich v. State, 1 Texas Crim. App., 206; Huebner v. State, 3 Texas Crim. App., 458; Williams v. State, 4 Texas Crim. App., 5; Gibbs v. State, 30 Texas Crim. App., 581 (18 S. W. Rep., 88); Helm v. State, 20 Texas Crim. App., 41; Chumley v. State, 32 Texas Crim. Rep., 255; Howell v. State, 10 Texas Crim. App., 298; Ellis v. State, 10 Texas Crim. App., 540. The force of appellant's position is recognized by the State, but it seeks to defeat the result of same by the suggestion and argument that a new trial should not have been granted on account of Naill's acquittal for the reason that the testimony of Naill would not be likely to change the verdict of the jury; that while acquitted there was strong evidence of his guilt and that the justice of the verdict of acquittal was very doubtful, and he was not shown to be a man of such character as to warrant the belief that he was testifying truthfully. These are matters for the jury. That he had opportunities to possess knowledge of the case is conceded. That he would have sworn to facts of the greatest moment to appellant is not denied. What weight a jury would give to his testimony we can not know. To deprive him of it under the claim or pretense that it was not probably true, is to make the court a trier of the facts and to deny appellant the right which the law gives him to submit his case and the evidence to the jury.

2. Again, we think the case must be reversed on account of the action of the court in admitting in evidence the testimony of Miss Katy Smith. She testified in substance that sometime in May,

W. A. Naill had said to her that he had an innocent face; that he did the smooth work and Gill did the dirty work. This was objected to because it was a statement made in the absence of the defendant and is putting in evidence the declaration of Naill made in his absence without opportunity for cross-examination and because shown to have been made at a time before either of the parties were shown to have known Van Rooyen, or that such a man existed, and long before it was possible for them to have formed a conspiracy to rob him; and because such evidence was calculated to influence and prejudic the minds of the jury against appellant. We think these objections should have been sustained. It is elementary that it is incumbent upon the State, before declarations of a coconspirator made in the absence of defendant are admissible, to show that same were made pending the conspiracy and before the object is accomplished for which such conspiracy was entered into. Smith v. State, 46 Texas Crim. Rep., 267, 81 S. W. Rep., 936; Green v. State, 89 S. W. Rep., 838; Green v. State, 49 Texas Crim. Rep., 238, 90 S. W. Rep., 1115.

There are a number of other questions occurring on the trial which are not of any special moment and none of them likely to arise upon another trial of the case.

For the errors pointed out the judgment of conviction is set aside and the cause remanded for proceedings in accordance with law.

*Reversed and remanded.*