### HENRY SECKER v. THE STATE.
*No. 6747.    Decided April 23.*

**Using Violent and Abusive Language, etc. — Evidence. —** The information, based upon article 495a of the Penal Code, charged that the accused, on May 4, 1889, used concerning Mrs. F. C. Johnson the abusive language, "You dirty bitch!" By separate information the wife of the accused was charged with using concerning Mrs. F. C. Johnson, on the same day, the abusive language, "You dirty old slut!" On the trial the defendant offered his wife as a witness in his behalf, but upon the objection that she was charged in a separate information with the same offense she was rejected by the court as an incompetent witness. *Held,* error. The informations charged the same statutory offense, but not the same transaction.

APPEAL from the County Court of Dallas.    Tried below before Hon. E. G. Bower, County Judge.

The opinion discloses the case.    The penalty assessed against the appellant was a fine of ten dollars.

*W. T. Strange,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was charged by information brought under article 495a, Penal Code, with using violent, abusive language of and concerning one Mrs. F. C. Johnson, calculated to provoke a breach of the peace. He was charged to have used towards her the language, "You dirty bitch," and the offense was alleged to have been committed on the 4th day of May, 1889.

A similar information was separately filed against Mrs. Henry Secker, wife of appellant, charging her with a like offense, also committed on the 4th day of May, 1889; but the language charged to have been used by Mrs. Henry Secker towards Mrs. F. C. Johnson was "You dirty old slut."

On the trial of this appellant he proposed to introduce his wife, Mrs. Henry Secker, as a witness in his behalf, when it was objected by the prosecution that she was an incompetent witness because she was under prosecution for the same offense, though by a different information. This objection was sustained by the court, and the witness was not allowed to testify, to which ruling appellant duly saved a bill of exceptions. We are of opinion the court erred in the ruling. The offenses charged against the parties were not the same. The words charged against the parties were not identical, and there is nothing identifying the transactions as the same save the name of the injured party and the date of the alleged offenses. Though both parties are charged with the same statutory offense, they are not charged with the same transaction.

Judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.