### GEORGE CLARK v. THE STATE.

#### No. 4322. Decided April 4, 1917.

**1.—Theft—Severance—Statutes Construed—Rule Stated.**

It is only by reason of article 91, Penal Code, and article 791, Code Criminal Procedure, that the testimony of principals, accessories, and accomplices is denied to the defendant when they are indicted, and under article 727, Code Criminal Procedure, the defendant can only demand that persons prosecuted for the same offense be first-tried, when the testimony would be denied him by law.

**2.—Same—Different Offenses—Principals—Accomplice—Accessories.**

Theft and concealing stolen property are separate offenses, and a person charged with receiving the stolen property, although indicted therefor, is not prohibited from testifying for the defendant who is charged with the theft of the property, as they are not charged with the same offense, and therefore an application for severance was correctly overruled, as the conduct of the parties was not so connected with the theft as to make them principals, accomplices or accessories so that they could be indicted as such. Following Kaufman v. State, 70 Texas Crim. Rep., 438.

Appeal from the District Court of Lavaca. Tried below before the Hon. M. Kennon.

Appeal from a conviction of theft; penalty, a fine of two hundred and fifty dollars and six months confinement in the county jail.

The opinion states the case.

*Swartz & Bagby,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was indicted for the theft of a buggy of over the value of $50 and convicted of a misdemeanor theft and his punishment fixed at a fine of $250 and six months confinement in the county jail.

Joe Kahanek and Adolph Tiemann were by separate indictments

charged with receiving and concealing the stolen property. Appellant sought to have Adolph Tiemann and Joe Kahanek put upon trial before his own trial and to this end made a timely motion for a severance, filing his affidavits in compliance with article 727 of the Code of Criminal Procedure. Tiemann and Kahanek consented to the order of trial. The trial court overruled the motion for a severance, and on exception by the appellant this action is before this court for review.

The purpose of the statute of this State which permits the defendant to demand that persons prosecuted for the same offense be first tried is to make available to the defendant, making the demand, testimony which would otherwise be denied him by the law.

Our Code of Criminal Procedure, article 791, declares that "persons charged as principals, accomplices or accessories, whether in the same indictment or different indictments, can not be introduced as witnesses for one another, but they may claim a severance." Article 91 of the Penal Code is to the same effect, and both of said articles provide that if the party charged is acquitted he may testify in behalf of the defendant. It is only by reason of these provisions of the Code that the testimony of principals, accessories and accomplices is denied to the defendant. Their testimony is not denied when they are not indicted. Morrell v. State, 5 Texas Crim. App., 447; Scroggins v. State, 30 Texas Crim. App., 92.

Whether these provisions of the code prohibit one charged with the offense of receiving the stolen property from testifying in behalf of a defendant charged with the theft of the property is a question upon which the decisions of this court are not in harmony. In the case of Crutchfield v. State, 7 Texas Crim. App., 65, it was held that a receiver of stolen property did come within the terms of these provisions of the Code and could not be used as a witness for the defendant. In the case of Gray v. State, 24 Texas Crim. App., 611, the contrary is held, and the case of Smith v. State, 55 Texas Crim. Rep., 326, is substantially in accord with the case of Crutchfield v. State, supra. At the time the case of Crutchfield v. State was decided article 727 of the Code of Criminal Procedure had not been passed. It was passed, however, a short time before the case of Gray v. State was decided, and it is referred to in the case of Smith v. State, supra. The verbiage of the article is as follows: "Where two or more defendants are prosecuted for an offense growing out of the same transaction, by separate indictments, either defendant may file his affidavit in writing that one or more parties are indicted for an offense growing out of the same transaction for which he is indicted, and that the evidence of such party or parties is material for the defense of the affiant, and that the affiant verily believes that there is not sufficient evidence against the party or parties whose evidence is desired to secure his or their conviction, such party or parties for whose evidence said affidavit is made shall first be tried; and, in the event that two or more defendants make such affidavit and can not agree as to their order of trial, then the

presiding judge shall direct the order in which the defendants shall be tried; provided, that the making of such affidavit does not, without other sufficient cause, operate as a continuance to either party." The caption, as stated in Gammel's Laws, page 33, Acts of 1887, states that "the purpose of the Act is to provide the order in which defendants charged with the same offense shall be tried." The appellant in this case could, under the law, have used the testimony of the parties referred to in his motion to sever unless the theft and the receiving of the stolen property were "an offense" growing out of the same transaction.

This court in the case of Brown v. State, 15 Texas Crim. App., 581, overruled earlier cases on the subject, and, following the reasoning of Judge Hurt contained in the opinion in Huntsman v. State, 12 Texas Crim. App., 619, held that theft and receiving and concealing stolen property were separate offenses. Since that time such has been the uniform holding of this court. Gaither v. State, 21 Texas Crim. App., 527; Wheeler v. State, 34 Texas Crim. Rep., 350; Fernandez v. State, 25 Texas Crim. App., 538; Kaufman v. State, 70 Texas Crim. Rep., 438. In Street v. State, 39 Texas Crim. Rep., 134, it is held that the receiver of stolen property is not an accessory to the theft. From Wharton's Crim. Ev., vol. 1, 3rd ed., p. 92, we take the following: "The principal and the accomplice must co-operate in the commission of the same crime; hence one who receives stolen goods with guilty knowledge but did not co-operate in the larceny of them is not an accomplice because larceny and receiving stolen goods are distinct crimes." Quoting from Judge Hurt in the opinion of McAfee v. State, 14 Texas Crim. App., 668, we take the following: "Let us illustrate. A steals a cow. B with knowledge of the theft buys the cow from A. Shall we say thereupon B stole the cow? Again, A steals a cow B with knowledge of the theft buys from A. Are we not forced to say, therefore, B did not steal the cow, this being the real fact in the case? Theft is the fraudulent *taking* of property from the possession of the owner or someone holding possession for him. There must be a taking, and no subsequent connection with the stolen property, be it in good or bad faith, honest or fraudulent, will constitute theft."

In our opinion article 727, Code of Criminal Procedure, was not intended to change any existing rule of evidence, or to modify article 791 of the same Code nor article 91 of the Penal Code, but was intended only to designate the procedure by which a defendant might make available to himself the testimony of one who was prohibited from testifying in his behalf by reason of articles 791 and 91, supra, and that it has no application to this case because the persons charged with receiving stolen property were charged with a different offense from that with which appellant was charged and the law did not forbid them from testifying for him. The transaction out of which appellant's offense grew was the taking of the property—the theft. The trans-

action ou., of which the offense with which the witnesses were charged grew was receiving the property after it was taken.

If the conduct of the parties named in the application for severance was so connected with the theft as to make them principals, accomplices or accessories within the meaning of title 3 of the Penal Code, the State could have indicted them as such, and their testimony could not then have been used by the appellant without a severance. But the State not having so charged them but having elected to charge them with a different offense, it is in no position to object to their testimony on behalf of appellant in the trial of the theft case. Kaufman v. State, 70 Texas Crim. Rep., 438.

It follows from what we have said that, in our opinion, the appellant in this case being entitled to the testimony of the defendants named in his motion to sever without the severance, the court was not in error in refusing to grant the motion to sever. This was manifestly the view of the learned trial judge, because it appears from the record that one of the parties named in appellants motion for a severance, viz., Adolph Tiemann, was called as a witness for the appellant and testified in his behalf. The other defendant named in the motion also testified, though he was called as a witness for the State.

The judgment of the lower court is affirmed.

*Affirmed.*