## McCOWAN v. STATE.  (No. 6804.)

(Court of Criminal Appeals of Texas.  March 22, 1922.)

**1. Homicide ⬅145—Intention to kill not presumed from use of weapon not deadly in character.**

When a homicide is committed by the use of a weapon not in itself deadly in character, the intention to kill will not be presumed from the use of such instrument, but must be shown from other facts and circumstances under Vernon's Ann. Pen. Code 1916, art. 1147.

**2. Homicide ⬅319—Denial of new trial for newly discovered evidence held error.**

Where defendant killed deceased with a baseball bat, not a deadly weapon, after having gone to deceased's house, denial of motion for a new trial on the ground of newly discovered evidence that would have tended to prove that defendant went to deceased's house to give him a whipping for improper conduct toward defendant's wife, and not with the intent to kill him, held error.

**3. Criminal law ⬅938(2)—Testimony of acquitted codefendant or codefendant who has been convicted and has paid fine held "newly discovered evidence" within statute as to new trial.**

The testimony of an acquitted codefendant, whether indicted in the same or a separate indictment or of a codefendant who has been convicted and his fine paid, is newly discovered evidence within statute as to new trial.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Newly Discovered Evidence.]

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

R. W. McCowan was convicted of murder, and he appeals. Reversed.

Price & Miller and J. D. Willis, all of Waco, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of McLennan county of murder, and his punishment fixed at 35 years in the penitentiary.

There are a number of questions raised by appellant, all of which have been considered by us, but in none of which do we deem any error was committed by the trial court save in overruling appellant's motion for a new trial based upon newly discovered evidence.

From the record it appears that appellant believed deceased to have been guilty of improper conduct towards his wife. No other cause of enmity or ill will leading up to the homicide or causing same is suggested by any evidence. It appears from the statement of facts that on the afternoon of the homicide appellant and two other negroes engaged in some search for deceased, appellant claiming that he intended to whip deceased before morning, no matter what trouble he might experience in accomplishing that object. Deceased lived by himself in a one-room cabin in which he was located by appellant and his companions some time in the fore part of the night following the afternoon referred to. Before going to the house of deceased, where the killing occurred, it is shown that appellant and his party passed by appellant's home, and that one of said party named Franklin went into appellant's house and procured the stick with which the homicide was committed. It was in use as a window stick, and was holding up the raised lower sash of a window at the time it was gotten by Franklin. It was a homemade ball bat, one end of which had been sawed off. It appears to be without dispute that on the night of the homicide appellant had been in possession of a pistol, and that as he approached the dwelling of deceased shortly before the killing took place he gave the pistol to one of the other members of his party, and himself had only the stick mentioned.

Appellant testified on the trial that he only intended to give to deceased a whipping, and that he had no purpose or intent to commit homicide, that his desire to whip deceased grew out of alleged improper conduct of the latter toward the wife of appellant and that he merely purposed to prevent a recurrence of such conduct. Appellant's purpose in going to the home of deceased would appear to be a very material issue.

[1] When a homicide is committed by the use of a weapon not in itself deadly in character, the intention to kill will not be presumed from the use of such instrument, but must be shown from other facts and circumstances. See article 1147, Vernon's P. C.

[2] It is made to appear by the affidavit of the party Franklin, mentioned above, that he was indicted for complicity in the same offense for which appellant was herein convicted, and that since the verdict and judgment in the instant case Franklin has been

tried therefor and convicted of an aggravated assault, and his punishment fixed at a fine of $25, which has been paid. In said affidavit Franklin further states that, if used as a witness upon the trial of appellant, he would testify that appellant repeatedly told him and the other member of said party that his only purpose in going to the house of deceased and having the difficulty with him which terminated in the homicide was to give to deceased a whipping. The refusal of the new trial based on the newly-discovered evidence of Franklin was made the subject of a bill of exceptions, which was qualified by the trial court by attaching thereto the testimony of Franklin as given before the court upon his own trial, and also a confession made by Franklin after the parties were arrested and charged with this homicide. We observe that in the statements made by Franklin on the occasions mentioned, and which are made part of the court's qualification to said bill of exceptions, Franklin swore that appellant did in fact state to him and his companion that he intended to give deceased a whipping on the occasion under investigation.

[3] The authorities are so numerous to the effect that the testimony of an acquitted codefendant, whether indicted in the same or a separate indictment, or of a codefendant who has been convicted and his fine paid, is newly discovered evidence in the sense that said expression is used by our statutes, that it is unnecessary for us to cite such decisions. Mr. Branch has collated many of them under section 733 of his Annotated P. C., and therein will be found discussion of the question here involved so fully and from almost every possible angle.as to render unnecessary·any further discussion of same by us. We are of opinion that the new trial should have been granted to this appellant in order to enable him to obtain the testimony of said Franklin, and that its refusal by the trial court was such error as necessitates a reversal of this cause; and it is so ordered.