HUBERT COTTON v. THE STATE.

No. 6503.   Decided November 15, 1922.

**1.—Murder—Manslaughter—Severance—Co-Defendant—Motion for New Trial.**

Where two defendants were indicted for murder in different indictments and also for assault with intent to murder in two other different indictments, all growing out of same transaction, and when placed upon trial for murder obtained a severance, and the one who was tried was convicted and the other thereafter, at the same term of court was acquitted, and the one convicted presented his motion for a new trial based upon newly discovered evidence in that, he was now entitled to have the testimony of his co-defendant who was acquitted, which theretofore had not been available, his motion should have been granted; although the cases for assault to murder were still pending.

**2.—Same—Statutes Construed—Severance—Order of Trial.**

Article 91, P. C., and Article 791, C. C. P., were provisions contained in the old code, and were the law in this State long before the enactment of Article 727, C. C. P. which was enacted with reference to the order of trial where two or more defendants claim severance, and did not change

or modify Article 91, P. C., nor Article 791, C. C. P., and the question in the instant case then revolves about the proper construction of said last-named article.

### 3.—Same—Rule Stated—Incompetency of Witness—Same Offense.

The proper rendering of these articles is that persons charged as principals to the same offense or accomplices or accessories to the same offense, either in the same indictment or in different indictments, cannot be witnesses for one another. To render him incompetent, the witness must be indicted as principal, accomplice or accessory to the same act for which defendant is indicted; the transaction must be the same; a similar act will not suffice, that is, the offense must be the same. Following Day v. State, 27 Texas Crim. App., 143, and other cases.

### 4.—Same—Case Stated—Competent Witness.

When one of two defendants was acquitted of murder he was no longer charged with the same offense as appellant for such act of killing, and in the indictments for assault to murder he was neither charged as principal, accomplice nor accessory, but was charged as principal with appellant, who was seeking his evidence of the offense for which the other had been acquitted, and the latter was, therefore, a competent witness for appellant. Distinguishing Terry v. State, 45 Texas Crim. Rep.; 264, and other cases.

Appeal from the District Court of Hunt. Tried below before the Honorable Geo. B. Hall.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Neyland & Neyland, B. B. Sturgeon,* and *Crosby & Harrell,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, and *Clark & Sweeton,* for the State. On question of incompetency of witness: Carter v. State, 165 S. W. Rep., 200; Jones v. State, 214 id., 322; Brown v. State, 58 id., 131; Hobbs v. State, 112 id., 308; Anderson v. State, 120 id., 468, and cases stated in opinion.

HAWKINS, JUDGE.—Conviction is for manslaughter. Punishment, three years in the penitentiary.

This is the third appeal of this case. The former opinions will be found reported in 86 Texas Crim. Rep., 387, 217 S. W. Rep., 158 and 88 Texas Crim. Rep., 618, 228 S. W. Rep., 943. Many questions are raised by appellant but we regard all save one as having already been settled against him. The facts will be found stated at some length in the former opinions and we restate only so much as is necessary to an understanding of the point to be discussed. Hubert Cotton (appellant) and his brother, Ira Cotton, on the one side, had engaged in a difficulty with the two Green boys, George and Tom, on the other. In the fight George Green was killed and Tom Green wounded. Separate indictments were returned charging each of the Cotton boys with the murder of George Green; also other separate indictments charging each of them with assault to murder Tom Green.

When the case of Ira Cotton for the killing of George Green was called for trial Ira made a motion for severance asking that Hubert be first tried; the motion was granted and Hubert went to trial which resulted in the present conviction from which this appeal is prosecuted. At the same term of court, and immediately following Hubert's conviction, Ira was placed upon trial for killing George Green and was acquitted. Hubert then presented his motion for new trial based, among other things, upon newly discovered evidence, in that, he was now entitled to have the testimony of his acquitted brother, Ira, which theretofore had not been available. It is conceded that his testimony is material. Unless the State's contention in resisting the motion is sound, it is well settled that a new trial should have been granted. Gill v. State, 56 Texas Crim. Rep., 202, and cases therein cited; also Clark v. State, 69 Texas Crim. Rep., 642, 155 S. W. Rep., 213; Barker v. State, 73 Texas Crim. Rep., 229, 164 S. W. Rep., 383; McCowan v. State, 91 Texas Crim. Rep., 310, 238 S. W. Rep., 921. The prosecutions against Hubert and Ira for assault to murder on Tom Green were still pending,. The State resisted the motion on 'the ground that Ira's testimony would still be not available to appellant on another trial for killing George Green because the charges against both Hubert and Ira for assault to murder Tom Green grew out of the same transaction, and that these charges were not disposed of. The trial court took this view of it, and overruled the motion. The sole question involved depends upon the construction of Article 91, P. C. and Articles 791 and 727, C. C. P. Article 91, P. C. reads:

"Persons charged as principals, accomplices or accessories, whether in the same indictment or by different indictments cannot be introduced as witnesses for one another, but they may claim a severance; and, if any one or more be acquitted, they may testify in behalf of the others."

Article 791, C. C. P., provides as follows:

"Persons charged as principals, accomplices or accessories, whether in the same indictment or different indictments, can not be introduced as witnesses for one another, but they say claim a severance; and, if any one or more be acquitted, or the prosecution against them be dismissed, they may testify, in behalf of the others."

Article 727, C. C. P., is in the following language:

"Where two or more defendants are prosecuted for an offense growing out of the same transaction, by separate indictments, either defendant may file his affidavit in writing that one or more parties are indicted for an offense growing out of the same transaction, for which he is indicted, and that the evidence of such party or parties is material for the defense of the affiant, and that the affiant verily believes that there is not sufficient evidence against the party or parties whose evidence is desired to secure his or their conviction, such

party or parties for whose evidence said affidavit is made shall first be tried; and, in the event that two or more defendants make such affidavit and can not agree as to their order of trial, then the presiding judge shall direct the order in which the defendants shall be tried; provided, that the making of such affidavit does not, without other sufficient cause, operate as a continuance to either party."

Article 91, P. C., and 791, C. C. P., were provisions contained in the old Code and was the law in this State long before the enactment of Article 727, C. C. P. Persons charged with the same offense whether in the same or different indictments were entitled to a severance long before Article 727, C. C. P., was enacted, but confusion had arisen with reference to the order of trial where two or more defendants claimed severance, and in 1887 the Legislature enacted what is now Article 727, C. C. P. It was originally Article 669a and the caption of the bill provides as follows:

"An Act to create Article 669a of Title 8, Chapter 5 of the C. C. P. of the State of Texas, so as to provide *the order* in which defendants charged with the *same offense* shall be tried." (Italics are ours.) It is apparent from the caption what the purpose of the enactment was intended to effect; viz: to provide the *order* in which defendant charged with the *same offense* should be tried. In the Article itself however, this language was used, "Where two or more defendants are prosecuted for an *offense* growing out of the *same transaction,* etc." Unfortunately our opinions relative to the articles in question are not entirely harmonious and have brought about the present controversy. In Clark v. State, 81 Texas Crim. Rep., 157, 194 S. W. Rep., 157, the court undertook to construe Article 727, C. C. P., and used this language:

"In our opinion Article 727, C. C. P., was not intended to change any existing rule of evidence, or to modify Article 791 of the same Code, nor Article 91 of the Penal Code, but was intended only to designate the procedure by which a defendant might make available to himself the testimony of one who was prohibited from testifying in his behalf by reason of Articles 791 and 91, *supra,* and that it has no application to this case because the persons charged with receiving the stolen property were charged with a different offense from that with which appellant was charged and the law did not forbid them from testifying for him. The transaction out of which appellant's offense grew was the taking of the property—the theft. The transaction out of which the offense with which the witnesses were charged grew was receiving the property after it was taken."

The question under investigation in the Clark case was whether or not "theft" and "receiving stolen property" were the same offense. The conclusion reached might have been more tersely stated as follows:

"Appellant's offense was the theft of the property. The witnesses' offense was receiving the property after it was stolen."

We believe the opinion in the Clark case, *supra,* correctly states that it was never intended by the Legislature by the enactment of Article 727, C. C. P., to change or modify Article 91, P. C., nor Article 791, C. C. P. The sole question then revolves about the proper construction of Article 91 and Article 791, *supra.* Upon this point we are not without authority. In Day v. State, 27 Texas Crim. App., 143, 11 S. W. Rep., 36, Judge Hurt says:                          •

"The proper rendering of the article is that persons charged as principals to the *same offense,* or accomplices or accessories to the *same offense,* either in the same indictment or in different indictments, cannot be witnesses for one another. An offense is an act or omission forbidden by positive law, to which is annexed, on conviction, any punishment prescribed in this code. (Art. 52, Penal Code.) In this case the prohibited act, is betting at a game played with dice. Now, to render incompetent, the witness must be indicted as principal, accomplice or accessory to the *same act* for which defendant is indicted. The transaction must be the *same;* a *similar* act will not suffice."

In the last sentence it is clear from what precedes it he meant "The *offense* must be the same; a *similar* offense will not suffice." Also in Clayton v. State, 78 Texas Crim. Rep., 158, 180 S. W. Rep., 1089, Judge Harper uses the following language:

"That two or more witnesses were indicted for perjury on account of their testimony in a given case, would not render them incompetent, unless it was contended they had entered into a conspiracy to do so, and they had been so indicted. An indictment does not render a person incompetent as a witness unless the witness is charged with being an accomplice, accessory or principal in the commission of an offense for which the person is on trial."

After Ira Cotton was acquitted of the murder of George Green he was no longer charged with the same offense as appellant for such act of killing. In the indictment against Ira for assault to murder Tom Green he was neither charged as principal, accomplice or accessory to the killing of George Green, but was charged as a principal with appellant to the act, or offense, of assault to murder Tom Green; but appellant was not seeking Ira's evidence in the trial for assault to murder Tom, but in the trial for the act, or offense, of killing George, of which offense Ira had been acquitted. In seeking to sustain its contention the State relies upon Terry v. State, 45 Texas Crim. Rep., 264, 76 S. W. Rep., 928. Terry and Magee were jointly indicted for the murder of Gary and also jointly indicted for the murder of Eagle, who was killed at the same time. Upon motion by Terry, Magee was first placed upon trial for killing Gary, and was acquitted. When Terry's case for killing Gary was called he did not attempt to use Magee as a witness, because the trial judge, in qualifying the bill, said if this had been requested he would have

permitted it; thus it is seen that the identical question now before us passed out of that case. But Terry filed a motion asking that Magee be also placed upon trial for killing Eagle before he (Terry) was tried at all. The refusal of the motion was held to have been error. We express serious doubt as to the correctness of the opinion in that particular. If Terry's case for killing Eagle had been called for trial the motion would have been good. An examination of the case shows that the writer had under consideration only articles 726 and 727, C. C. P. Articles 91, P. C., and 791, C. C. P., are not mentioned. We find this language in the opinion.

"As we understand the bill of exceptions Magee and appellant were indicted for one and the same transaction. The court should have granted the motion for severance, and placed Magee upon trial for the killing of Eagle, prior to the calling of appellant's case."

Evidently the distinction between the "same offense" and the *"same transaction"* was not drawn, and if the writer intended to convey the idea that Terry could not be tried for killing Gary as long as any charges were pending against Magee which grew out of the "same transaction," regardless of whether it was the "same offense" charged against Terry, then we regard the holding as out of harmony with the cases referred to herein as well as with that portion of Article 727, C. C. P., which says: "provided, that the making of such affidavit (that is, for severance) does not, without other sufficient cause, *operate as a continuance* to either party;" because to give effect to the Terry decision, *supra,* as construed by the State would necessarily either bring about continuances, or deprive a co-defendant of evidence which the statute under certain conditions designed to make available. The unsoundness of the State's position may be illustrated as follows: A and B (apparently acting together), make an effort to rob C, D, E and F. In the one transaction C is killed, D, is seriously wounded, E, is robbed, and it being found that F, is without money, he is assaulted but with no intent to kill; A, and B, are separately indicted for murder upon C, for assault to murder upon D, for robbery of E, and for an aggravated assault upon F  B is first placed upon trial for the murder of C, and is acquitted. A is then put upon trial for killing C, and seeks to use B as a witness, but is met by the State with the proposition that B's evidence, notwithstanding his acquittal of the murder charge, is not available to A as long as any of the other prosecutions are pending against B, because they grew out of the same transaction, although the charges then pending against B are for other offenses, and not the one for which A is then being tried, and although some of the other cases against B· are pending in another court. To sustain this contention would be to lose sight of the very clear distinction drawn in Jones v. State, 85 Texas Crim. Rep., 538, 214 S. W. Rep., 322, that under the articles of the statute now being considered it is not the fact

that A and B acted together in the commission of a crime that disqualifies one as a witness for the other, but the fact that they have been *charged* with the same offense. It is the *charge* lodged against them by the State, and not the acting together which works the disqualification. But A, being denied B's evidence because of the other pending charges, requests that B be tried on all of them before A is tried at all, to which the State may object because that course would necessarily operate to continue A's case. We believe such a condition would be incompatible with the spirit of the law. If A and B act together in committing a crime and A only is charged therewith, B's evidence is available to him; likewise if both are charged with the same offense, and the charge against B is dismissed, or his acquittal secured, he becomes available as a witness for A.

Upon Ira Cotton's acquittal of the murder charge against him he was available as a witness for appellant upon trial for the same offense, regardless of the other charges against him and his brother for a different offense, although growing out of the same transaction.

Only by such construction of the articles in question can the fair intent of the legislative will be given practical effect; that is, within certain limitations, to secure to co-defendants evidence denied them by the act of the State in preferring charges against both, and at the same time guard the interest of the State against unnecessary continuances.

The motion for new trial should have been granted, and for its refusal the judgment must be reversed, and the cause remanded.

*Reversed and remanded.*