## JOE MOORE v. THE STATE.

### No. 7961.   Decided January 2, 1924.

**1.—Transporting Intoxicating Liquor—Severance—Continuance.**

In order to make the granting of the severance imperative, the co-indictee must be available so that the trial of his case will not necessitate a continuance of his codefendant, and where in the instant case the co-indictee had been released on bail and failed to appear for trial, there was no error in overruling the application for severance. Following Sapp v. State, 87 Texas Crim. Rep., 606, and other cases.

**2.—Same—Continuance—Practice on Appeal.**

Where the application for continuance showed due diligence and the evidence of the absent witness would have been material for the defense, the application should have been granted.

Appeal from the District Court of Brazoria.   Tried below before the Honorable M. S. Munson.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. W. Morris* and *A. E. Masterson,* for appellant.—Upon question of severance, Smith v. State, 116 S. W. Rep., 572.   On question of insufficiency of evidence, Sampson v. State, 204 S. W. Rep., 324.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.—On question of severance, Anderson v. State, 8 Texas Crim. App., 542, and cases cited in opinion.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of five years.

The appellant was jointly indicted with Claude Bell. He applied for a severance, filing his affidavit in accord with Article 727 of the C. C. P. The severance was denied. The bill complaining of the refusal of the court to grant the motion, as qualified, shows that Bell, the co-indictee, had been released on bail and that he failed to appear for trial; that the forfeiture of his bond had been ordered, and that

after this occurred, the motion to sever was overruled, and the appellant placed on trial. If we properly comprehend the law of severance, under the facts detailed by the bill, as qualified, there was no error committed. The statutes on the subject of severance (Article 791, C. C. P., Article 91, P. C., and Article 727, C. C. P.), as construed, require that in order to make the granting of the severance imperative, the co-indictee must be available so that the trial of his case will not necessitate a continuance of his co-defendant. Krebs v. State, 8 Texas Crim. App., 1; Anderson v. State, 8 Texas Crim. App., 542; Clark v. State, 81 Texas Crim. Rep., 157; Stouard v. State, 27 Texas Crim. App., 1; Williams v. State, 27 Texas Crim. App., 466; Thompson v. State, 35 Texas Crim. Rep., 511; Bruce v. State, 173 S. W. Rep., 311; Sapp v. State, 87 Texas Crim. Rep., 606; Locklin v. State, 75 S. W. Rep., 305. In fact, the statute, Article 727, C. C. P., contains this language:

"* * * provided, that the making of such affidavit does not, without other sufficient cause, operate as a continuance to either party."

The application for a continuance because of the absence of the witness Ben Johnson was overruled. It was the first application for a continuance, and the witness appears to have been duly subpoenaed. His absence is not accounted for, but the averment in the application to the effect that he was not absent by the procurement or consent of the appellant and that he has reasonable expectation of the attendance of the witness on another trial is not controverted.

The leading issue of fact is whether or not the bottle of liquid which was in the possession of the appellant and which was broken was whisky. Appellant, according to the State's theory, had in his possession a gallon jug or jar which he was carrying upon his person toward a certain hotel. Upon meeting the prosecuting witness he purposely threw the jug against an object and broke it. It contained liquor which the witness declared was whisky. It is the appellant's position and testimony that the jar did not contain whisky but that it was a Coca Cola jug in which he had placed some water to cleanse it, and that while he was carrying it to a store to get some vinegar he was met by the prosecuting witness, who was an enemy of his and who presented a pistol. In his excitement, the appellant turned and the jug accidentally hit a post. The absent witness, according to the averment in the application, would have testified that the contents of the jug was not whisky.

As the record is presented, we are constrained to regard the application as one which should have been granted. The judgment is reversed and the cause remanded.

*Reversed and remanded*