### S. M. JOHNSON V. THE STATE.

No. 10499.    Delivered October 13, 1926.

**Possessing Equipment, Etc.—Severance—Properly Refused.**

Where appellant moved for a severance and to place his co-defendant, Moore, on trial first, and it appears that Moore was a fugitive from justice, and had never been arrested, the court properly refused the request for a severance. See Art. 651, C. C. P. 1925. Following Anderson v. State, 8

Tex. Crim. App. 542; Crane v. State, 91 Tex. Crim. Rep. 304; and Moore v. State, 96 Tex. Crim. Rep. 262.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pepper, Judge.

Appeal from a conviction for possessing equipment etc., for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing equipment for the purpose of manufacturing intoxicating liquor, punishment being one year in the penitentiary.

The record is before this court without a statement of the facts proven on the trial. Complaint is made by bill of exception No. 1 at the refusal of the court to grant a severance and place one Moore, a co-defendant, upon trial first. The court qualifies the bill by stating that said Moore was a fugitive from justice and had never been arrested. Under such circumstances the court properly refused the request for severance. Art. 651, C. C. P., 1925, Rev., Anderson v. State, 8 Tex. Crim App. 542; Crane v. State, 91 Tex. Crim. Rep. 304, 240 S. W. 920; Moore v. State, 96 Tex. Crim. Rep. 262, 257 S. W. 246.

There are numerous other bills of exception in the record. As presented none of them are believed to show error. It is difficult to appraise bills relating to the admission of evidence without having before us the facts proven on the trial.

The judgment is affirmed.

*Affirmed.*