ALLEN CRAIN v. THE STATE.

No. 12447.   Delivered May 1, 1929.
Rehearing denied May 29, 1929.

The opinion states the case.

*G. A. Walters* of Mexia, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, unlawfully driving an automobile upon a public road while under the influence of intoxicating liquor; punishment, ninety days in the county jail.

Appellant was arrested with two companions in an automobile being then driven by appellant on the San Saba and Llano public road. The testimony of the officers was to the effect that appellant was drunk at the time, they testifying that he was unable to walk straight. Whiskey was found in two different receptacles on the side of the public road near where the car stood.

Appellant's companion Jim Wilson was indicted for the transportation of intoxicating liquor, which offense is shown to have grown out of the same transaction for which appellant was on trial. Appellant by a proper affidavit and motion asked that Jim Wilson, who he alleges was separately indicted for an offense growing out of the same transaction for which appellant was indicted, be first tried that he might use said Wilson as a witness. His application was based on Art. 651, C. C. P., which provides in substance that where two or more defendants are prosecuted for an offense growing out of the same transaction by separate indictments, either defendant may file his affidavit so stating and that the evidence of such other party or parties is material to the defense, etc., whereupon such party whose evidence is so sought shall be tried first. It will be observed that appellant and Wilson were indicted for separate offenses.

As to whether an accused is entitled to a severance under such a state of facts has been the subject of some contrariety of expressions by this Court. We think the point, however, is ruled by the terms of Art. 82, P. C., and Art. 711, C. C. P. These articles are practically in the same language and Art. 711, C. C. P., reads as follows:

"Persons charged as principals, accomplices or accessories, whether in the same or different indictments, can not be introduced as witnesses for one another, but they may claim a severance; and, if any one or more be acquitted, or the prosecution against them be dismissed, they may testify in behalf of the others."

Art. 651, C. C. P., relied on by appellant, was enacted later than either of the two articles above and appears to relate only to a method of severance while Art. 711, C. C. P., and Art. 82, P. C., relate specifically to the disqualification as witnesses of parties who are "charged" as principals or accomplices or accessories. Appellant and Wilson were not charged with the same offense. They do not come within the terms of the two articles last mentioned. It was said by Justice Hawkins in the case of Cotton v. State, 244 S. W. 1029:

"It is the charge lodged against them by the state, and not the acting together which works the disqualification."

See also French v. State, 98 Tex. Crim. Rep. 580. The Cotton case goes into the question here presented rather exhaustively and we regard it as announcing the correct rule and as sustaining the action of the trial court with regard to the particular matter under discussion. Wilson was not disqualified as a witness and in fact testified for appellant in the trial of the instant case.

The substance of appellant's next contention as shown by Bill of Exception No. 2 is that the Court was in error in striking from the jury's consideration certain testimony to the effect that one of the officers took some of the whiskey found near the scene of appellant's arrest home with him and that others of the officers drank some of it. We do not think such testimony was admissible. Whether a witness did or didn't or would or wouldn't take a drink is not admissible as affecting his credibility as a witness. This Court has throughout its history monotonously repeated the rule that "specific acts of misconduct which have not eventuated in an indictment for a felony or a misdemeanor involving moral turpitude are not admissible as affecting the credibility of a witness."

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., not sitting.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant was charged by indictment with driving a car while intoxicated. Jim Wilson was in the car and was under indictment for the possession of intoxicating liquor for the purpose of sale. These are separate offenses. The fact that they were committed at the same time and while the appellant and Wilson were in the same car together did not disqualify Wilson as a witness for the appellant. The disqualifying fact under Art. 711, C. C. P., and Art. 82, P. C., is that the parties were *charged* with the *same* offense. When they are so charged, one is not available as a witness for the other. To make the co-indictee available as a witness under proper conditions, the severance statute, Art. 651, C. C. P., is intended. Wilson not being

514

under indictment for the same offense, he was not rendered unavailable to the appellant as a witness by Art. 82, P. C., and 711, C. C. P., from which it follows that there was no occasion to call into operation Art. 651, supra. The analysis of the subject and the conclusion reached in Clark v. State, 81 Tex. Crim. Rep. 157, and Cotton v. State, 92 Tex. Crim. Rep. 594, are regarded as properly interpreting the statute.

The motion for rehearing is overruled.

*Overruled.*