AUDREY BEAN v. THE STATE.

No. 15034.   Delivered March 23, 1932.

The opinion states the case.

*R. H. Forrester,* of Wheeler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for receiving stolen property, punishment being assessed at a fine of $40.

In the indictment it was alleged that appellant fraudulently received from one Winegert eighty chickens belonging to Gregory, which chickens had been acquired by Winegert in such manner as that their acquisition came within the meaning of the term "theft."

The court gave a defensive charge to the effect that if Winegert left the chickens at appellant's house without his consent appellant should be acquitted.

A bill of exception reflects that appellant called as a witness in his behalf Winegert, the party from whom it was alleged the property had been received. Upon objection Winegert's testimony was excluded. The bill shows that if permitted he would have testified as follows: "* * * that he did in fact steal the property in question; that he brought the same to the place of residence of the defendant, at the time and under the circumstances as had been testified to by the defendant, and asked permission of the defendant to leave with him and on his premises said stolen

property; that the defendant refused to permit the leaving of said property with him or on his premises, and instructed said witness to remove same therefrom, which the witness agreed to do, but that notwithstanding said instructions of the defendant and the agreement of said witness not to leave said stolen property with him or on the premises of the defendant, he, the said witness, did, in fact, unknown to defendant, leave said property on the premises of said defendant."

The bill is approved with the following explanation: "The witness, Shelton Winegert, is the party from whom the defendant in this case is alleged to have received the stolen property. The said Winegert on a former day of this court, and before this case was tried, pleaded guilty to the theft of the chickens, which the defendant herein was alleged to have received, and was given two years in the penitentiary, with a suspended sentence. The court held him to be an accomplice in this case, and therefore not a competent witness for the defendant."

In holding Winegert to have been an accomplice the court evidently had in mind article 711, C. C. P. (old article 791), which reads:

"Persons charged as principals, accomplices, or accessories, whether in the same or different indictments, can not be introduced as witnesses for one another, but they may claim a severance; and, if any one or more be acquitted, or the prosecution against them be dismissed, they may testify in behalf of the others."

This article and correlated statutes have been the subject of frequent consideration, and the holdings have not always been harmonious. Many cases are reviewed in Clark v. State, 81 Texas Crim. Rep., 157, 194 S. W., 157, and in Cotton v. State, 92 Texas Crim. Rep., 594, 244 S. W., 1027. The conclusion was announced that considering all of the articles of the statute on the subject, it was the charge lodged against the parties by the state which resulted in the disqualification as a witness, and that to hold one of them disqualified as a witness for the other it was necessary that he be indicted for the *"same offense"* as the other. See, also, Crain v. State, 112 Texas Crim. Rep., 511, 17 S. W. (2d) 811.

It has so frequently been held that "theft" and "receiving or concealing stolen property" are not the same offenses that it is not an open question. In Clark (supra) the very point now before us was decided adversely to the ruling in the present case. In Clark's case the defendant was on trial for the theft of property. The question discussed was whether he had the right to call as a witness one indicted as receiver of the same property. After reviewing a number of cases and calling attention to conflicts in some earlier decisions, this court, speaking through Judge Morrow, said: "* * * the persons charged with receiving stolen property were charged with a different offense from that with which appellant was charged and the law did not forbid them from testifying for him. The transaction out of which appellant's offense grew was the

taking of the property—the theft. The transaction out of which the offense with which the witnesses were charged grew was receiving the property after it was taken."

The learned trial judge fell into error in refusing to admit the testimony of Weingert. The bill complaining of its rejection shows that it would have supported the evidence which appellant gave on the trial.

A complaint is brought forward relative to having certain named jurors brought from the jury room one at a time while the jury was deliberating on this case and permitting them to testify upon the hearing of a motion for new trial in a case in which they had previously sat as jurors. We observe no error in such procedure. The question is not discussed at length for the reason that the judgment must be reversed for the error heretofore pointed out.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*