C. L. McCALEB, Appellant,

v.

The STATE of Texas, Appellee.

No. 39501.

Court of Criminal Appeals of Texas.

April 20, 1966.

Brown & Shuman, by Clifford W. Brown, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The indictment alleged that appellant sold and offered for sale certain securities without having been duly registered as a dealer in securities by the Securities Commissioner of the State of Texas. Upon a jury trial on his plea of not guilty, he was found guilty and his punishment was assessed at five years in the penitentiary and a fine of $2000.

On a former day of the term, in our Cause No. 38,797, 396 S.W.2d 416, the appeal from such conviction was dismissed for want of a sentence. Sentence pronounced April 22, 1965, was entered on February 1, 1966, and the transcript showing such sentence was filed in this Court as our Cause No. 39,501.

No brief has been filed on behalf of the state seeking affirmance of the conviction.

At the trial appellant proposed to introduce W. T. Humphries as a witness in his behalf. The state objected on the ground that Humphries was incompetent to testify as a defense witness under the provisions of Art. 711 Vernon's Ann.C.C.P. (in effect at the time of the trial) and Art. 82 Vernon's Ann.P.C. The trial court sustained the objection and appellant was not allowed to call Humphries as a witness.

The record reveals that W. T. Humphries was under indictment for the sale of unregistered securities, an offense growing out of the same transaction. This was not the same offense as that charged against appellant.

■ Trial having been had and notice of appeal perfected prior to January 1, 1966, Art. 711 V.A.C.C.P., omitted from the 1965 Code, was applicable.

■ Under Art. 711 V.A.C.C.P. and Art. 82 V.A.P.C., which is to the same effect, if the witness is not charged with the same offense as the accused, he may testify in his behalf. Day v. State, 27 Tex.App. 143, 11 S.W. 36; Secker v. State, 28 Tex.App. 479, 13 S.W. 774; Thomas v. State, 66 Tex. Cr.R. 326, 146 S.W. 878; Cotton v. State, 92 Tex.Cr.R. 594, 244 S.W. 1027; Crain v. State, 112 Tex.Cr.R. 511, 17 S.W.2d 811; McFarlane v. State, 160 Tex.Cr.R. 340, 269 S.W.2d 389; 24 Tex.Jur.2d 294, Evidence, Section 679.

■ The trial court erred in holding the witness Humphries incompetent.

The judgment is reversed and the cause remanded.