## Bud Beard v. The State.

### No. 2868.   Decided January 20, 1904.

**1.—Indictment—Theft in Another State or Territory.**

An indictment which charges the theft of a horse in the usual form, alleging the taking in the Territory of Oklahoma, and that the said offense if committed in the State of Texas would be theft, and that the accused unlawfully brought the said horse into the State of Texas, is sufficient on motion to quash for not alleging value, and in not alleging any facts which would constitute a felony in said Territory or this State.

**2.—Charge of the Court—Same.**

An instruction that if any person who shall have committed an act in any foreign State or Territory, which if committed in this State would have

been theft of property, and shall bring such stolen property into this State, he shall be deemed guilty of and shall be punished as if said act had been committed in this State, is correct.

### 3.—Same—Fraudulent Taking.

A charge which omits the word "fraudulent," and said omission occurs in several portions of the charge, is insufficient on exception that such charge does not properly define the offense of theft.

### 4.—Evidence—Proof of Territorial Laws.

It is necessary in a prosecution under article 952, Penal Code, that the laws of the Territory should be introduced in evidence.

Appeal from the District Court of·McLennan. Tried below before Hon. Sam R. Scott.

Appeal from a conviction of theft of a horse; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

*H. M. Cammack,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—The punishment of appellant was assessed at confinement in the penitentiary for a term of eight years, under an indictment charging substantially, as follows: "That on or about the 22d day of February, 1903, and before the presentment hereof, with force and arms one Bud Beard, in the Territory of Oklahoma, did unlawfully and fraudulently take from the possession of one J. W. Keys on horse, the same then and there being the corporeal personal property of and belonging to the said J. W. Keys, without the consent of the said J. W. Keyes, and with the intent then and there on the part of him, the said Bud Beard, to deprive the said J. W. Keyes of the value of the same and to appropriate the said horse to the use and benefit of him, the said Bud Beard, and which said acts by the said Bud Beard were by the laws of the Territory of Oklahoma, then and there in force, the offense of theft; and which said acts, if the same had been committed in the State of Texas, would then and there have been theft; and the said Bud Beard did afterwards unlawfully, viz., on or about the 20th day of March, 1903, bring the aforesaid horse into the State of Texas and into the county of McLennan," etc. Appellant moved to quash the indictment because it contains no allegation giving this court jurisdiction; it fails to allege the value of the property alleged to have been stolen; it fails to allege the theft of the horse in Oklahoma Territory, and the value of the horse to be $50 or over. Because said indictment charges ordinary theft under article ·858, Penal Code, and does not allege the value of the property; it does not charge the offense of theft of animals under article 881, Penal Code. Because it fails to allege any facts that would constitute a felony in the territory of Oklahoma, and fails to allege any facts that would constitute a felony under the laws of the State of Texas. In our opinion the indictment is sufficient. In Clark v. State, 27 Texas Crim. App.,

405, construing articles 951 and 952, Penal Code, we announced the rule to be, that if a person commits acts in another State or Territory which if committed in this State would be theft, and subsequently brings the stolen property into this State, he can be prosecuted in this State and punished as if the theft had been committed in this State. Theft of horse in this State is per se a felony, regardless of value; and hence it is not necessary to state the value of the animal. The motion to quash was properly overruled.

Complaint is made as to the following portion of the charge: "If any person who shall have committed an act in any foreign State or Territory, which if committed in this State would have been theft of property, and shall bring such stolen property into this State, he shall be deemed guilty of and shall be punished as if said act had been committed in this State, to wit, by confinement in the State penitentiary for any period of time not less than two or more than ten years." Appellant's objection to said charge is that it incorrectly states the penalty under article 858, Penal Code. This article does not apply to horse theft, and the court's charge is correct. See article 881, Penal Code, as amended by the Acts of the Legislature, 1897, page 83.

Appellant complains of the omission in the court's charge because he failed to properly define theft, in that it states theft to be "the taking of corporeal personal property," etc., omitting to state as required by the statute that it is the "fraudulent" taking of corporeal personal property belonging to another, without his consent, etc. This omission occurs in several portions of the charge. Under the authorities this is error.

Upon an examination of the statement of facts we note that it does not contain the laws of the Territory of Oklahoma. This is necessary in order to make out facts authorizing a conviction under article 952, Penal Code.

Because of the omission in the court's charge, and the omission in the facts of the laws of the Territory of Oklahoma, the judgment is reversed and the cause remanded.

*Reversed and remanded.*