### JOHN F. WILSON v. THE STATE.

#### No. 685.  Decided June 15, 1910.

**1.—Theft—Charge of Court—Purchase.**

Where, upon trial for theft, the defendant claimed to have purchased the stolen goods, and the court in his main charge failed to instruct the jury upon this issue, as requested by special charge, the same was reversible error.

**2.—Same—Charge of Court—Fraudulent Intent—Want of Consent.**

Where, upon trial of theft, the court's charge omitted to instruct the jury that if defendant took the property without the consent of the owner, with the fraudulent intent to deprive him thereof and appropriate it to his own use, the same was error.

Appeal from the County Court of Angelina.  Tried below before the Hon. J. T. Maroney.

Appeal from a conviction of petty theft; penalty, a fine of $25 and twelve hours confinement in the county jail.

The opinion states the case.

*W. J. Townsend, Jr.;* for appellant.—On court's failure to charge fraudulent intent and want of consent: Bray v. State, 41 Texas, 203; Holsey v. State, 24 Texas Crim. App., 35; Guest v. State, 24 Texas Crim. App., 235.

On court's refusal to submit defendant's special charge on purchase of stolen property: Smith v. State, 7 Texas Crim. App., 382; Heath v. State, 7 Texas Crim. App., 464; Beckham v. State, 8 Texas Crim. App., 52; Wheeler v. State, 34 Texas Crim. Rep., 350; Vance v. State, 34 Texas Crim. Rep., 395.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—The appellant has appealed from a conviction for petty theft, his punishment being assessed at $25 fine and twelve hours in jail.  Appellant was charged with the theft of one buggy axle, one buggy spring and one axe handle.

In the trial of the case the appellant testified that he purchased the articles from a man by the name of Cook.  The prosecuting witness testified that he left these articles in a house on his place in Lufkin and had gone off to Houston and remained away some time and when he returned he found the property in the possession of the appellant and the appellant claimed to have purchased them.  On the trial of the case the appellant requested the court to charge the jury as follows: "If you believe from the evidence in this case that the defendant purchased the property alleged to have been stolen from another or others, in good faith, believing that he was lawfully acquiring title thereto, you can not convict the defendant, or if you have a reasonable doubt of the existence of such facts you will render a verdict of not guilty." This charge was refused and

the point saved by bill of exception. The court in his main charge nowhere instructed the jury upon this issue. The testimony strongly suggested such an issue, and the court should have given the charge requested.

The court in his main charge to the jury directed them as follows: "Now, gentlemen, if you believe beyond a reasonable doubt from the evidence in this case that the defendant, John F. Wilson, did on or about the 1st day of February, 1908, take from the possession of Frank Schverark one buggy axle, of the value of fifty cents, and one buggy spring, of the value of one dallar, and one axe and handle, of the value of fifty cents, as charged in the bill of indictment, filed in the court in this cause, you will find him guilty and assess his punishment at imprisonment in the county jail not exceeding two years and by fine not exceeding five hundred dollars, or by such imprisonment without fine." Complaint is made at this charge both in the motion for new trial and the point preserved by bill of exception. The charge is fatally defective in that it omits to charge the jury that if defendant took the property without the consent of the owner with the fraudulent intent to deprive the owner of the same and appropriate it to his own use. Fraudulent intent in theft is a constituent element of the offense and the court should have so directed the jury. The charge in this respect is fatally defective, was not the law of the case and it was error so to instruct the jury.

For the two errors pointed out the judgment will be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*