.GEORGE CLARK v. STATE.

No. 2360.    Decided March 26, 1913.

1.—Burglary—Sufficiency of the Evidence.

. Where, upon trial of burglary, the evidence, although conflicting, sustained the conviction, there was no error.

2.—Same—Circumstantial Evidence—Charge of Court.

Where there was positive evidence, there was no error in the court's failure to charge on circumstantial evidence.

3.—Same—Newly Discovered Evidence—Acquittal of Codefendant—Rule Stated.

Where two are jointly indicted and one is tried and convicted and subsequently the other is tried and acquitted, a new trial will be granted the former to obtain the testimony of the latter, where it appears that the new evidence is legal and competent and material to his defense. Following Rucker v. State, 7 Texas Crim. App., 549, and other cases.

4.—Same—Case Stated—Codefendant as Witness.

Where the State's witnesses testified that defendant and his codefendant were always together when they were in possession of the alleged stolen property taken from the burglarized house and when defendant made admissions of his guilt, and said codefendant was acquitted after defendant was convicted, and it appeared in the motion for new trial that the codefendant would testify that all of these statements of the State's witnesses were false, a new trial should have been granted.

Appeal from the District Court of Lavaca. Tried below before the Hon. M. Kennon.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Bagby & McCutchan,* for appellant.

*C. E. Lane,* Assistant Attorney-General, and *Lester Hold* and *J. W. Ragsdale,* for the State.

HARPER, JUDGE.—Appellant was convicted of burglary and his punishment assessed at two years confinement in the State penitentiary.

While the testimony offered in behalf of the State is not very satisfactory, the State relying on the testimony of Joe Jonak and his wife to connect defendant with the offense (there being many conflicts in the testimony of these two witnesses), yet the jury solved the question in favor of the State, and the testimony of these two witnesses as to the material facts, if true, would support the verdict; therefore, we would not feel authorized to disturb the verdict on this account. And the court did not err in failing to charge on circumstantial evidence. Joe Jonak testified to seeing appellant in possession of the stolen property, and testified that appellant told him he had gotten it from the burglarized house.

The only other question raised in the record that needs to be discussed, is the one alleging newly discovered evidence which is sworn to by appellant. Jim Staha was also indicted, charged with the burglary of this house. Joe Jonak testified that on the night of the alleged burglary appellant and Jim Staha appeared at his residence in a buggy; that they had the stolen property in the buggy, and that appellant admitted they had secured it out of the burglarized premises; he also testified, that appellant and Jim Staha came to his residence the next day bringing with them the stolen property, and desired to leave it at his home, but he refused to permit it to be stored at his house. The day following the trial of appellant, Jim Staha was also placed on trial charged with this offense, and in the motion for a new trial it is shown that Staha was acquitted, and appellant claims he should be granted a new trial on the ground that "he can establish by Staha the falsity of the charge against him." In the case of Rucher v. State, 7 Texas Crim. App., 549, was said:

"There can be no doubt at this day as to the rule, or the correctness of the rule in proper cases, as now established in this State, that where two are jointly indicted, and one is tried and convicted, and subsequently the other is tried and acquitted, a new trial will be granted the former to obtain the testimony of the latter, where it appears that the new evidence is legal and competent and material

to his defence. Lyles v. The State, 41 Texas, 172; Rich v. The State, 1 Texas Ct. App., 206; Huebner v. The State, 3 Texas Crim. App., 458; Williams v. The State, 4 Texas Crim. App., 5; Brown v. The State, 6 Texas Crim. App., 286.'' Many other cases might be cited following that opinion since its rendition, but we do not deem it necessary. Jonak and his wife in this case have appellant and Staha together at all times when they claim appellant was in possession of the stolen property and made the admissions of his guilt. If Staha will testify that all these statements were false, and that he was never with appellant when he was in possession of the stolen property at Jonak's home, and that appellant made no such confession as is testified to by Jonak in his presence, the testimony might have, and probably would have, produced a different result. At least, under the decisions of this court we are of the opinion that this presented sufficient ground authorizing a new trial, and the court erred in not granting it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*