JOE BARKER v. THE STATE.

No. 2826.   Decided February 11, 1914.

Rehearing denied March 11, 1914.

**1.—Receiving and Concealing Stolen Property—Evidence—Co-defendant.**

Where, upon trial of receiving and concealing stolen property, the conviction depended upon the testimony of a confessed accomplice, and it developed after the trial that defendant's co-defendant was discharged from custody and relieved of prosecution, and defendant obtained his written sworn statement and appended the same to the motion for new trial showing that said co-defendant would have contradicted material testimony of the said accomplice, the defendant should have been awarded a new trial. Following Rucker v. State, 7 Texas Crim. App., 549, and other cases.

**2.—Same—Continuance—Practice on Appeal.**

Where the judgment is reversed and the cause is remanded upon other grounds, the application for continuance need not be considered. However, it

is suggested that if the absent witness would testify as alleged, the same would be material.

Appeal from the District Court of Williamson. Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of receiving and concealing stolen property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. F. Taulbee* and *W. F. Ramsey* and *C. L. Black,* for appellant.— Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, and *H. N. Graves,* County Attorney, for the State.—Cited Green v. State, 66 Texas Crim. Rep., 446.

DAVIDSON, JUDGE.—Appellant was convicted of receiving and concealing stolen property, his punishment being assessed at two years confinement in the penitentiary.

The State's case is shown by the testimony of a confessed accomplice, Hugh Davis. A house in Elgin, Bastrop County, was burglarized. The theory of the State was that Hugh Davis, John Davis and some negroes committed the burglary, and appellant, living ten or twelve miles away in Williamson County, received some or all of the goods taken from the house. There is no contention that appellant had anything to do with the burglary; that is, he was not present at the time and place the house was entered. The State's theory was he knew of and consented to the burglary in advance of its perpetration, and subsequently received the stolen goods. The State's case was made, as before stated, by the confessed accomplice, Hugh Davis, and such corroboration as could be adduced. The parties were arrested and carried to Bastrop County, and Hugh Davis turned State's evidence, and one of these parties named Decherd was kept in jail in Bastrop. This occurred in February. Appellant was convicted on the 27th of June, at which time Decherd was still in jail in Bastrop County. Hugh Davis' testimony, and the State's theory was, that Decherd was present, participating in the burglary. On the first of July, after appellant's conviction in June, Decherd was discharged from custody in Bastrop County and relieved of prosecution. Appellant obtained his statement in writing, sworn to, and appended it to his motion for new trial. In this statement Decherd states that he would testify that he was not present at the burglary and had nothing to do with it. In other words, he would have contradicted Davis' testimony at all points so far as he, Decherd, was concerned. This was a very important matter. It was necessary for the State to show the burglary at Elgin, and appellant's subsequent connection with the goods taken from the house. Hugh Davis' statement was the State's case, as he was the only witness who

testified to his own presence at the burglary and that of Decherd. Decherd could not testify at the time appellant was tried because he was in jail under a charge for the burglary. Under the statute, therefore, he could not testify for the defendant. Appellant could not obtain a severance, but the first opportunity appellant had to avail himself of Decherd's testimony was after the State had discharged him from custody. This testimony was material and under our decisions entitled the defendant to a new trial. The rule is laid down in the Rucker v. State, 7 Texas Crim. App., 549, as follows: "There can be no doubt at this day as to the rule, or the correctness of the rule in proper cases, as now established in this State,· that where two are jointly indicted, and one is tried and convicted, and subsequently the other is tried and acquitted, a new trial will be granted the former to obtain the testimony of the latter, where it appears that the new evidence is legal and competent and material to his defense." This rule has been followed in a great number of cases, some of which are collated in Cox v. State, 63 Texas Crim. Rep., at page 498. In Gill v. State, 56 Texas Crim. Rep., 202, the same rule is followed. Quoting from that decision we find this language: "He would have testified that neither of the persons engaged in the robbery of himself and Van Rooyen was appellant; that the voice of neither of these parties was the voice of appellant, or similar to the voice of appellant. The affidavit contains a full statement of the immediate facts touching the robbery which would have strongly contradicted Van Rooyen's testimony and would have been distinctly favorable to appellant. After his acquittal, he would have been a competent witness in the case. Before acquittal his testimony was unavailable. It is well settled that if after the defendant is tried and convicted his codefendant is tried and acquitted, the testimony of the latter is held to be newly discovered. This is so thoroughly settled in this State as to no longer be debatable. Sanders v. State, 52 Texas Crim. Rep., 465, 107· S. W. Rep., 839; Lyles v. State, 41 Texas, 172; Rich v. State, 1 Texas Crim. App., 206; Huebner v. State, 3 Texas Crim. App., 458; Williams v. State, 4 Texas Crim. App., 5; Gibbs v. State, 30 Texas Crim. App., 581; Helm v. State, 20 Texas Crim. App., 41; Chumley v. State, 32 Texas Crim. Rep., 255; Howell v. State, 10 Texas Crim. App., 298; Ellis v. State, 10 Texas Crim. App., 540." Many of the cases are also collated in Sanders v. State, 52 Texas Crim. Rep., 465. These constitute a sufficient number of cases to show that this is the settled rule in Texas. Decherd had not been tried nor convicted. He had been held as a party to the burglary, but the State failing in its case in some way or other, discharged him from custody. He then became a competent witness. He could not be used by the defendant until after he was discharged. This occurred on the first day of July after appellant's conviction on 27th of June. He procured his affidavit and made the showing at the earliest practicable moment. It would have been material testimony to the defendant, striking at the very heart of the testimony of the accomplice Davis. What the jury would have decided with this man's testi-

mony before it would be conjectural, of course, but it was material testimony, and this court could not decide that question, nor could the trial court. It was a matter for the jury; they may have believed him, and if so it would have been strongly persuasive towards an acquittal.

There is another question in the case which we deem unnecessary to discuss inasmuch as it will not occur upon another trial in the condition as here presented. John Davis was connected with the burglary by the testimony of the accomplice Hugh Davis. Appellant filed an application for a continuance when this was developed on the trial of the case, and asked for a postponement or continuance. Upon another trial the testimony of this witness may be obtained. If he would testify as contended by appellant it would be very material evidence—as much so as Decherd's.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Rehearing denied March 11, 1914.—Reporter.]