## H. HAYS v. THE STATE.

### No. 7900.    Decided June 20, 1923.

### Rehearing denied October 31, 1923.

1.—Theft of Automobile—Sufficiency of the Evidence.

Where, upon trial of theft of an automobile, the evidence is sufficient to support the conviction, there is no reversible error.

2.—Same—Charge of Court—Words and Phrases—Practice on Appeal—Article 743, C. C. P.

Where, upon trial of theft of an automobile, the court in his charge, applying the law to the facts, used the word unlawfully, instead of fraudulently, and the court's attention was not called to this fact, either by exceptions or requested charge, there is no reversible error, under Article 743, C. C. P.

3.—Same—Newly Discovered Evidence—Practice on Appeal.

Where the motion for a new trial alleging newly discovered evidence was not sworn to, the same cannot be considered on appeal.

Appeal from the District Court of Stephens. Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of theft of an automobile; penalty, three years in the penitentiary.

The opinion states the case.

*Jno. R. Moore*, for appellant.

*R. G. Storey*, Assistant Attorney General, and *S. J. Osborne*, District Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the theft of an automobile, punishment assessed at confinement in the penitentiary for three years.

Jack Morehouse, the owner of the car in question, was deputy supervisor of the Oil and Gas Division of the State Railroad Commission and had in his custody and control for his personal use as such supervisor a practically new "Ford Roadster" automobile. It was stolen from the street in Breckenridge on the 10th day of September, 1922. About a month later it was found in the possession of appellant. It was positively identified by Morehouse in various ways, which leaves no·question as to it being the stolen car. It had been changed in various ways. The engine number was originally 6,231,314. An effort had been made to change the "1 s" by a chisel mark at the top to make the number appear as 6,237,374, but a close inspection revealed the effort to make the change and disclosed the original numbers plainly.

At the time the car was found by the officers appellant claimed ownership thereof and claimed to have bought it from a party by the name of Moore. He told the officers at the time he had a bill of sale from Moore but gave no further information relative to the party from whom he claimed to have purchased it. At the time of the trial he also produced a bill of sale which purported to be executed·by one Mabry to Moore, claiming that Moore had delivered the Mabry bill of sale to him (appellant) at the time he bought the car. The engine number in the Mabry bill of sale is shown to be 6,237,374 but the engine number in the bill of sale purported to have been made by Moore to appellant is 6,237,734. Evidence was introduced by appellant through one Aldred to the effect that appellant had loaned witness two hundred dollars and had come to him stating that he was negotiating for the purchase of a car and would like to have the loan repaid, whereupon witness told him to return later in the day and he would pay the balance he owed at the time which -was one hundred and fifty dollars; that appellant did return with a party and after being paid the hundred and fifty dollars by witness appellant paid to the party with him in the presence of witness, four hundred dollars for the automobile. Appellant claims to have had no experience in driving a car, and claims to have known nothing about the change in the engine numbers; to the extent of being inexperienced in driving he was supported by the testimony of the witness Aldred.

The contention is made that the evidence is insufficient to support the conviction and that the trial judge should have instructed a verdict of acquittal. The court gave a fair charge relative to appellant's explanation of how he came by the property at the time his possession thereof was first challenged, and directed the

jury that if his explanation was reasonable and probably true and accounted for his possession in a manner consistent with his innocence they should consider the explanation as true and acquit, unless the State had shown the falsity of such explanation. For some reason the jury declined to give credence to appellant's testimony and that of his witnesses. While the bills of sale heretofore mentioned were offered in evidence the jury evidently concluded that they were not bona fide and declined to accept appellant's defensive theory. It is not necessary to set out in this opinion the various changes that had been made in the car with reference to casings, tire carrier, steering wheel, etc. Appellant claims not to have known anything about these things other than that he put a tire carrier on the back of the car after he purchased it, asserting that there was no side carrier on the car at the time of purchase. It was shown that another stolen car was in the possession of a party who roomed at the same place with appellant, and which was recovered at the same time the car in question was found. Some of the parts of the other stolen car had been placed upon the one in question. No bills of exception of any character appear in the record, hence we assume this testimony went in without objection, and it is not necessary for us to discuss under that state of the record whether it was pertinent or otherwise. We would not be authorized to disturb the verdict of the jury; to do so would be to assert that the members of this court are in a better situation to determine whether the witnesses were speaking the truth than were the jury who had an opportunity to hear them and observe their manner while testifying. We can not say under all the facts of the case the jury were not authorized in disregarding the defensive theory.

No objections whatever were interposed at the time of the trial was made that the court failed to tell the jury that the automobile to the charge of the court. In the motion for new trial complaint must have been "fraudulently" taken from the owner. Just preceeding the paragraph of the charge in which the application of the law to the facts were made the court told the jury that theft was the "fraudulent" taking of corporeal personal property, etc., but in applying the law to the facts he used the word "unlawfully" instead of "fraudulently." We are referred by appellant in his brief to the cases of Wilson v. State, 59 Texas Crim. Rep., 623, 120 S. W. Rep., 836; Beard v. State, 47 Texas Crim. Rep., 183, 78 S. W. Rep., 348, and Holsey v. State, 5 S. W. Rep., 523, as holding such a charge erroneous. It will be observed that the opinions in all the cases referred to were delivered prior to the enactment of present Article 743, Code. Criminal Procedure, which states positively that:

"All objections to the charge and on account of refusal or modification of special charges shall be made at the time of the trial."

The present case illustrates very clearly we think what was the purpose of the Legislature in the enactment of the article in question. Doubtless if the attention of the trial judge had been called to the use of the word "unlawfully" in place of "fraudulently," or that the word "fraudulently" had been omitted from his charge it would have been immediately inserted and the objection now urged would have been saved. In view of said Article 743, C. C. P., we can not regard the omission of the word "fraudulent" as such a fundamental error as to call for a reversal of the judgment.

Among other grounds in his motion for new trial appellant sets up newly discovered evidence, and attaches to the motion the affidavit of the newly discovered witness. While the motion asserts that appellant nor the attorney representing him at the time of trial had any knowledge of what the new witness would testify until after the trial, unfortunately for appellant the same is not in a condition to be considered by this court. A motion for new trial on the ground that new testimony material to the defendant has been discovered since the trial must be sworn to. Many cases are cited by Mr. Branch under Section 193 of his Ann. P. C. supporting this rule and it has been invariably followed by this court so far as we are aware. One of the latest cases upon the point is Walker v. State, 91 Texas Crim. Rep., 507, 240 S. W. Rep., 538. The motion for new trial is not sworn to, simply being signed by appellant's attorney.

Finding no error which may be considered which presents grounds for reversal the judgment is affirmed.

*Affirmed.*

[Rehearing denied October, 1923. Reporter.]