### JOE DOUGLAS V. THE STATE.

No. 9958.    Delivered June 2, 1926.

**1.—Murder—New Trial—Acquittal of Co-Defendants—Improperly Refused.**

Where, on a trial and conviction of murder, indictments against four other parties charging them with complicity in the killing which forms the basis for the instant prosecution, are dismissed, and appellant moves for a new trial, attaching to her motion the affidavits of these co-defendants, and same present matters of unquestioned materiality to appellant's defense, a new trial should have been granted.

**2.—Same—Continued.**

Many authorities are cited on page 788 of Vernon's Code of Criminal Procedure, supporting the proposition that where other parties are indicted for complicity in the same crime, and are acquitted or their cause is dismissed after the conviction of the appellant upon proper showing, this should have entitled him to a new trial. See Gibbs v. State, 18 S. W. Rep. 88.

Appeal from the District Court of San Jacinto County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction of murder, penalty life imprisonment in the penitentiary.

The opinion states the case.

*Geo. E. Gordon,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of San Jacinto County of murder, punishment fixed at confinement in the penitentiary for life.

We find no error in the matters appearing in this record save in the refusal of appellant's motion for new trial. It is made to appear that Robert Wanza, Scott White, Tom Wanza, Burrell Johnson and Sim White were each and all indicted for complicity in the killing which forms the basis for the instant prosecution. Their cases were pending at the time of this conviction. It is made to appear in conjunction with appellant's motion for new trial that after he was convicted the state dismissed the cases against said named parties. The affidavits of each of said parties are appended to and made a part of the motion for new trial and same appear to present matters of unquestioned materialty to appellant's defense. The issue made as to the credibility of said parties by the state's resistance to the motion for new trial is one to be decided by the trial jury and is not one for decision by either the court below or this court. Many authorities are cited on page 788 of Mr. Vernon's Code of Criminal Procedure supporting the proposition that where other parties are indicted for complicity in the same crime and are acquitted or their cases dismissed after the conviction of the appellant, upon proper showing this should have entitled him to a new trial. See also Gibbs v. State, 18 S. W. Rep. 88.

For the error of the court in refusing to grant appellant's motion for new trial, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*