RALPH TAYLOR v. THE STATE.

No. 12630.    Delivered June 26, 1929.

The opinion states the case.

*F. S. Jones* of Beaumont for appellant.   On converse of charges or principals, appellant cites:  Willman v. State, 242 S. W. 746; Jackson v. State, 20 Tex. Crim. App. 192; McMahon v. State, 46 Tex. Crim. Rep. 549; Monroe v. State, 47 Tex. Crim. Rep. 726; Wood v. State, 28 Tex. Crim. App. 16; Cecil v. State, 44 Tex. Crim. Rep. 450, and Goodenow v. State, 58 Tex. Crim. Rep. 503.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—The offense is murder and the penalty life imprisonment.

The appellant is a negro.   He and two white boys agreed to go out on a hijacking expedition.   The car ridden in by them belonged to one of the white boys.   They started out and some two or three victims were robbed by appellant's companions, he remaining in the car.   They came upon parties barbecuing meat.   It was agreed that appellant should engage them in conversation while the white boys drove around and returned, when they, the white boys, would hold them up and take their money.

There is a sharp dispute as to the extent of appellant's participation in the events which followed.   The testimony shows that the

white boys returned, attempted to hold up said parties; that a shooting followed, in which one of appellant's companions killed the deceased. There is some testimony to show that appellant was present during part of this shooting. There is abundant testimony, both from the State and his own, that appellant ran away and was not present when deceased was killed, one witness stating that he had been gone about ten minutes before the white boys who did the shooting arrived. This will sufficiently illustrate the facts which raise the law points discussed below.

The Court charged the jury in the language of Art. 66, P. C., defining principals. He further authorized a conviction if appellant either acting alone or with another or others killed the deceased. The Court did not charge the converse of the law of principals. The chief defense of appellant was his entire absence from the scene of the killing and his non-participation in same in any manner whatever. This issue is nowhere affirmatively submitted to the jury. When the Court authorized a conviction on the theory that defendant was a principal as in the instant case, the converse of this should also be given, particularly where the evidence clearly raises the issue that appellant was not present and did not aid by acts or encourage by words or gestures the commission of the offense and was doing nothing in furtherance of same when it was committed. See Jackson v. State, 20 Tex. Crim. App. 192; Wood v. State, 28 Tex. Crim. App. 16; Stanfield v. State, 43 Tex. Crim. Rep. 11; Hext v. State, 104 Tex. Crim. Rep. 46.

From the foregoing facts it will be observed that appellant agreed to the commission of the crime of robbery but an issue was raised as to whether or not he was present and participated in any way in the commission of the crime of murder. Under these circumstances the appellant correctly contends that the Court erred in failing to affirmatively instruct the jury that if the jury believed or had a reasonable doubt that the defendant was present when the offense was committed and was doing nothing at the time in aid of the common design, he should be acquitted, although the evidence might show that he was guilty as an accomplice or accessory. The rule has been stated as follows:

"If the defendant in a felony case is indicted as a principal only and there is evidence that he was not present when the offense was committed, he is entitled to have the jury affirmatively instructed that they cannot convict him on proof that he was either an accomplice or accessory or both." Branch's P. C., Sec. 682.

18

See following authorities: Bean v. State, 17 Tex. Crim. App. 60; Golden v. State, 18 Tex. Crim. App. 637; Tittle v. State, 35 Tex. Crim. Rep. 96; Silvas v. State, 159 S. W. 223; Hext v. State, 104 Tex. Crim. Rep. 46; Menefee v. State, 67 Tex. Crim. Rep. 201. A conviction as an accomplice or accessory cannot be legally had upon an indictment charging the accused only as a principal. Menefee v. State, 67 Tex. Crim. App. 201; Hext v. State, 104 Tex. Crim. Rep. 46.

The Charge of the Court left the jury entirely without the submission of any defensive issue. His absence and non-participation in the offense committed was the only defense which he offered. The jury may have concluded that his guilty connection with the two white boys in the hijacking cases rendered him guilty in the murder case. An appropriate instruction safeguarding his rights in the respects pointed out above should have been given by the Court in his charge and the Court's failure to submit such defensive matter having been properly excepted to constitutes reversible error.

The judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.