JAMES TANNER v. THE STATE.

No. 13622. Delivered November 5, 1930.
Reported in 32 S. W. (2d) 465.

The opinion states the case.

*A. L. Shaw* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Assault with intent to murder is the offense; penalty, confinement in the penitentiary for three years.

The indictment appears regular and regularly presented. No complaints of the rulings of the court are brought forward by bills of exception.

There are four special charges which were refused. The absence of knowledge of the evidence that was before the trial judge renders it impossible for this court to determine whether in refusing the charges error was committed.

The judgment and sentence are wrong in that they fail to take cognizance of the Indeterminate Sentence Law. The judgment should direct that James Tanner should be confined in the penitentiary for a period of not less than two, nor more than three years, in accord with the provisions of the law governing the penitentiary of the state.

In the motion for new trial the alleged discovery of new evidence is set up as ground for a new trial. The affidavit of the accused states as a conclusion that he has discovered new evidence but it fails to state facts showing that the evidence is new or that it might not have been discovered before the trial by the exercise of diligence. These are imperative requisites of a motion for new trial. See Art. 753, C. C. P., subd. 6, and numerous precedents in Vernon's Ann. Tex. C. C. P., Vol. 3, p. 13, note 25. It is also necessary that it be shown that the introduction of new evidence upon another trial would probably bring about a different result, and that it is material to the issue and not merely cumulative, corroborative or impeaching. In the particulars mentioned, the motion is defective. Especially is this true, due to the absence of the statement of facts, which leaves this court in the dark touching what proof was made or what evidence was heard upon the trial in the district court.

The judgment as reformed will be affirmed.

*Affirmed.*

Hawkins, J., absent.