## J. H. Parrish v. The State.

No. 14504.   Delivered November 25, 1931.
Rehearing Denied February 24, 1932.

The opinion states the case.

*Seale & Denman,* of Nacogdoches, and *Guinn & Guinn,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Appellant while driving his car was followed by an officer. Appellant passed the home of one House who came out and got upon the running board of his car. The officer quickened the speed of his car and overtook appellant not far from the home of said House. The officer testified that appellant threw out of his car a bottle of whisky, as the officer stopped his car. The officer testified that he got this bottle of whisky and gave it to the sheriff. The sheriff produced said bottle of whisky, and it was offered in evidence. Appellant and House testified that there was no bottle of whisky thrown from the car, and appellant denied having any whisky. He introduced some other witnesses who had seen his car at different places before the time when the officer testified as to his actions on the road, and these people said they saw no whisky in the car. The case is one in which this court has no other course except to say that in cases of conflict of testimony we would not be authorized to disturb the finding of the jury.

We find in the record five bills of exception. Bill No. 1 complains because the trial court allowed the prosecuting attorney to make a statement of what he expected to prove. Such procedure is expressly provided for by our statute. See section 3, of article 642, C. C. P.

Bill of exception No. 2 complains of the refusal of the trial court to charge the jury on the law of circumstantial evidence. We are unable to agree with any contention that the case is one calling for such charge. The testimony of the officer was positive that he followed appellant upon the road for some distance and saw appellant throw from his car a bottle of whisky.

Another exception to the charge was because the trial court refused to instruct the jury that they must find and believe beyond a reasonable doubt that the intoxicating liquor did not belong to Henry House but belonged to appellant. It is clearly manifest that such a charge is on the weight of the evidence, and seeks to announce an incorrect proposition of law. Regardless in whom the title of the whisky might be, if appellant transported it on the highway he would be guilty.

Another exception to the charge of the court below was for his failure to tell the jury that they could not convict unless they believed beyond a reasonable doubt that appellant knew there was whisky in the automobile. It is plain that such charge is uncalled for under the facts of this case. Appellant denied that he threw any bottle of whisky or anything else from the car. The officer testified positively that appellant did throw the bottle of whisky out of the car.

Bill of exception No. 5 complains of the refusal of the court to instruct the jury that the mere presence of appellant at the time the intoxicating liquor was transported, if it was so transported, would not be sufficient to warrant the jury in returning a verdict of guilty. Again we say that it seems that such charge would not be in accord with the facts of this record. The only question was as to which of the witnesses the jury believed. If they believed the state witnesses a complete case was made out; if they did not, or had a reasonable doubt as to whether he was telling the truth, appellant should have been acquitted.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—At the time of the appellant's trial and conviction, the statute, article 689, P. C., 1925, denied to one over twenty-five years of age the benefit of the suspended sentence law. On appeal, he contends that the benefit of the suspended sentence law inures to him under the amendment to the article mentioned as shown by chapter 138, page 233, Acts of the 42d Legislature, Regular Session, which became effective August 16, 1931 (Vernon's Ann. P. C., art. 689).

In the instant case, the judgment was rendered on the 22nd day of January, 1931, and notice of appeal was given on the 9th day of February, 1931. The interpretation of the statute by this court heretofore declared is adverse to the contention of the appellant. See Franklin v. State, 119 Texas Crim. Rep., 214, 44 S. W. (2d) 996.

The motion is overruled.

*Overruled.*