## W. H. DENNING V. THE STATE.

No. 14872.   Delivered February 10, 1932.
Rehearing Denied April 13, 1932.
Appellant's Application for Leave to File Second Motion for Rehearing Denied
April 27, 1932.

The opinion states the case.

*Butler, Price & Maynor,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Officers appear to have accidentally come across appellant in possession of a quantity of whisky, some two gallons. Appellant took the stand in his own behalf and testified that on the day in question he asked Mr. Moore, whose place of business adjoined that of the appellant, if he might ride in the car with Mr. Moore down to a certain place,—Moore having told him beforehand that he was going down that way at that time. He further testified that he went with Moore, and got down to the place of one Brant and got two gallons of whisky from Brant, same being in fruit jars. He further testified that not having the money to pay Brant, the latter started back with him in the car of Moore. He also affirmed the fact that Moore did not know of the presence of the whisky in the car. When they reached the place where the officers later came upon them, he said Moore got out of the car and left it for some purpose, and while Moore was gone he and Brant occupied themselves in emptying the whisky out of the fruit jars into twenty-four pint bottles, and that while so engaged the officers came upon them. Appellant defended upon the proposition that his health was bad, and that he got the whisky in question for use as medicine. This defense appears to have been submitted to the jury in a satisfactory way, and the verdict evidences the jury settlement of this question adversely to appellant.

It is made to appear that Moore was indicted for complicity in the same transaction. When appellant's case was called for trial he made no request for severance, nor did he suggest in any way that he desired that Moore be first tried. Some weeks after appellant's conviction, Moore was tried and acquitted. Thereupon appellant filed an amended motion for new trial setting up Moore's acquittal, and asking that he be given a new trial in order that he might avail himself of Moore's testimony. The refusal of this new trial is made the subject of a bill of exception.

We observe that appellant's amended motion for new trial was not sworn to. It appears uniformly held that one seeking a new trial under such circumstances must either by himself or his attorney make affidavit to a motion in which is set up the newly discovered evidence, in this case consisting of that of Moore. Tuttle v. State, 6 Texas App., 556; Barber v. State, 35 Texas Crim. Rep., 70, 31 S. W., 649; Parroccini v. State, 90 Texas Crim. Rep., 320, 234 S. W., 671; Nothaf v. State, 91 Texas Crim. Rep., 378; 239 S. W., 215; Hays v. State, 95 Texas Crim. Rep., 550, 255 S. W., 426. We further observe that the facts expected of Moore are not set out in the motion for new trial. It is required not only that the facts be set out, but it must appear that they are material and would probably affect the result upon another trial. Tanner v. State, 116 Texas Crim. Rep., 28, 32 S. W. (2d) 465; Flewellen v. State, 113 Texas Crim. Rep., 22, 18 S. W. (2d) 1087. Under the facts of this case, according to the story told by appellant, and reasonable belief that Moore would swear upon another trial in line with what appellant testified, we see no ground for concluding that Moore's testimony, even if the motion for new trial had been in proper shape, would be of any value to appellant. Appellant did not claim that Moore knew anything about his wanting the whisky for medicine; in fact, he emphatically denied Moore's knowledge of any part of the whisky transaction.

Appellant has five bills of exception, one of the complaints being of the court's refusal to submit the law of circumstantial evidence. This court uniformly holds that when the main fact, which in the instant case was the possession of intoxicating liquor, be proved by direct evidence, as was done both by that of appellant and the officers, it will not be a case on circumstantial evidence because of a claim of innocent intent, or that he possessed it for some purpose permitted by statute. Mr. Branch cites many authorities on page 1039 of his Annotated P. C., holding that when the question is as to the intent of a party only, the issue is not one requiring a charge on circumstantial evidence.

Appellant being more than twenty-five years of age at the time of his trial, which took place before the taking effect of the recent statute permitting defendants over twenty-five years of age equally with others, to have the benefit of the suspended sentence law, was not entitled to have that issue submitted to the jury. There was no error in the court's refusal of a peremptory instruction of acquittal.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Many precedents are cited by the appellant in support of his contention that the acquittal of Moore subsequent to the conviction of the appellant entitled him to a new trial so

that on such trial he might have the benefit of the testimony of Moore. From the facts it appears that out of the same transaction both Moore and appellant were indicted for the possession of intoxicating liquor for the purpose of sale. Some two weeks after the appellant's conviction, Moore was tried and acquitted. If the appellant's position is comprehended, it is that by Moore's acquittal; the appellant was entitled, as a matter of right, to a new trial, and that in denying it the trial court was in error.

The cases upon which the appellant relies are Barker v. State, 73 Texas Crim. Rep., 229, 164 S. W., 383, 384; Baggett v. State, 65 Texas Crim. Rep., 425, 144 S. W., 1136; Clark v. State, 69 Texas Crim. Rep., 642, 155 S. W., 213; Douglas v. State, 104 Texas Crim. Rep., 492, 284 S. W., 549.

The principle is not regarded as broad as the appellant contends. The rule obtaining, as understood, is that laid down in Rucker's case, 7 Texas App., 549, as follows: "There can be no doubt at this day as to the rule, or the correctness of the rule in proper cases, as now established in this state, that where two are jointly indicted, and one is tried and convicted, and subsequently the other is tried and acquitted, a new trial will be granted the former to obtain the testimony of the latter, where it appears that the new evidence is legal and competent and material to his defense."

An essential element is that it appear that the testimony of the acquitted person be "legal and competent and material." So far as the details are stated therein, the cases cited by the appellant are in accord with the rule stated in Rucker's case, supra.

A motion for a serevance is not an essential predicate for a motion for new trial on the ground under consideration. There are other cases to the same effect, but so far as the writer is aware, in every such case in which there has been a new trial granted, the facts before the court on the motion for new trial have been such as to bring it within the principle announced in Rucker's case, quoted above.

In a motion for new trial based upon the acquittal of a co-defendant, his testimony is regarded as newly discovered evidence, and so far as applicable the statutory provisions and judicial interpretation pertaining to newly discovered evidence obtains. One of the statutory grounds for a new trial upon newly discovered evidence is that the new testimony be material to the defendant. See article 753, subd. 6, C. C. P. To satisfy the court on appeal, it is essential that the new evidence expected from the released co-defendant be brought before the court. The decisions upon the subject will be found in Vernon's Ann. Tex. C. C. P., 1925, vol. 3, p. 13, note 25.

In the present appeal, the evidence expected from Moore is not contained in the record. If, on the hearing in the court below, th evidence

was adducd, there was no disclosure of the expected evidence of Moore, or if the evidence heard was regarded by the trial court as not justifying a new trial, it was within the discretion of the trial court to refuse to grant the motion. Having exercised his discretion and the evidence before him not being here, this court is without authority to overturn the judgment. See Vernon's Tex. C. C. P., supra, p. 15, note 26, and many cases cited. It appears from the statement of facts on the motion for rehearing that on the trial of Moore there were used the same witnesses for the state as were used in Denning's case. From the testimony of the district attorney on motion for new trial, the following is quoted: "The testimony wasn't the same; the testimony shows that Denning was in the back seat of the car and there was never any proof that Moore was in the back seat. They were both arrested at the same time and by the same officers, and the state used the same witnesses against both of them."

It further appears that Denning and another person other than Moore were discovered pouring whisky from fruit jars into pint bottles; that the whisky was in the car between the front and back seats.

The statement of facts on the trial of Denning is made a part of the statement of facts on motion for new trial. It appears that Denning testified that he had made arrangements to get whisky without the knowledge of Moore, and that learning that Moore was going to the country in his car after some chickens, Denning obtained permission to ride in the car. He had some pint bottles in a suit-case which he put in the back part of the car. While Moore had gone to look at the road, the appellant and Brant, his companion, were bottling the liquor.

The appellant's testimony indicates that Moore was not aware of the fact that he was going after whisky or that he had whisky. According to the appellant's testimony, he had two gallons of whisky in his possession. His sole defense was that he had it for beverage purposes and not for sale.

Upon the record before us, we are forced to the conclusion that in overruling the motion for new trial, no error is shown to have been committed by the trial court.

The motion for rehearing is overruled.

*Overruled.*

ON REQUEST FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—As we understand it, appellant's request is based on the proposition that he should have a reversal of this judgment in order that he might upon another trial have an opportunity to ask for a suspended sentence under the amendment passed by the 42nd Legislature (Vernon's Ann. P. C., art. 689), chap. 138, p. 233, although said amendment did not become effective until August 16, 1931, and appellant's trial was had on June 29, 1931.

The exact point has been decided against appellant in- Franklin v. State, 119 Texas Crim. Rep., 214, 44 S. W. (2d) 996 and Parrish v. State, 120 Texas Crim. Rep., 228, 46 S. W. (2d) 325.

The request for leave to file second motion for rehearing is denied.

*Denied.*