## MONROE HOPPER v. THE STATE.

No. 15252. Delivered May 25, 1932.
Appellant's Rehearing Denied June 24, 1932.
Reported in 51 S. W. (2d) 598.

The opinion states the case.

*Frank S. Roberts* and *Floyd Jones,* both of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for two years.

A Ford truck belonging to S. P. Robertson and T. P. Robertson was removed from a shed, pushed across the highway some sixty or seventy-five yards, and stripped of its wheels and casings. Some tools, a battery and other articles were taken therefrom. The time definitely fixed was the night of June 14, 1931. The wheels of the truck were subsequently found in a pasture. The casings and tubes had been removed therefrom. Some time in July three casings, together with a chain and pump were found in the possession of appellant in Plainview, a distance of some 200 miles from where the theft had been committed. This property was identified by the injured parties. There was testimony to the effect that appellant was in the vicinity of where tht truck was stolen near the date fixed by the state.

Appellant offered many witnesses who testified that he was in Hale county, many miles away from the scene of the theft, on the night of June 14, 1931. Testifying in his own behalf, appellant declared that he was not present in Stephens county on the occasion in question, and that he had othing to do with stripping the truck. He said he purchased the tires found in his possession from a party in Plainview, Texas. He declared that the pump found in his possession came with the truck, and that the chain belonged to him, he having gotten it from his father.

Appellant timely and properly requested the court to submit to the jury his defensive theory of purchase. The court declined to submit the issue. In this there was error. Branch's Annotated Penal Code, sec. 2461; Wilson v. State, 59 Texas Crim. Rep., 623, 129 S. W., 836.

The court gave an abstract definition of the law of principals. One of appellant's defenses was an entire absence from the scene of the theft and his nonparticipation therein. When the court authorized a convic-

tion on the theory that appellant was a principal, the converse should have been given, particularly where the evidence clearly raised the issue that appellant was not present and did not aid by acts or encourage by words or gestures the commission of the offense, and was doing nothing in the furtherance of same when it was committed. Taylor v. State, 113 Texas Crim. Rep., 16, 18 S. W. (2d) 1078. We quote from Branch's Annotated Penal Code, sec. 682, as follows: "If the defendant in a felony case is indicted as a principal only and there is evidence that he was not present when the offense was committed, he is entitled to have the jury affirmatively instructed that they cannot convict him on proof that he was either an accomplice or accessory, or both, or that he was a receiver of stolen property when indicted only for theft."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.