## W. L. RICE v. THE STATE.

No. 18197. Delivered April 15, 1936.
Rehearing Dismissed May 13, 1936.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

This conviction was for the theft of fifteen joints of pipe which were taken from a rack near a well in Shackelford County on the night of March 11, 1935. The alleged owner Mr. Knight testified that he was at the well on Monday, March 11th, until about noon and that the pipe in question was there at that time. On Wednesday he went out to the well and observed that said pipe was missing. Shortly thereafter the pipe was located in Big Spring, Texas, where it was identified by Mr. Knight and his partner, Mr. Ewing, as well as Mr. Johnson who had put new threads on said pipe shortly before Knight and Ewing bought it. The pipe had been part of a gas pine line before it was sold to Knight and Ewing. The identification of these three witnesses was positive. Mr. Ooley testified for the State that on the 12th of March he bought the pipe in question from this appellant in Big Spring, Texas, giving him for same two checks, one for $55.00 and the other for $136.40. Witness said he went down to the pipe yard about 7:30 that morning and this appellant and a man named Lawrence, and another by the name of McNeal, a truck driver, were with appellant at said time and place. This witness testified that in the course of two or three days Mr. Knight came out to Big Spring with a deputy sheriff, and the pipe was turned over to the officer. Witness testified on cross-examination that it was his information that the pipe reached the pipe yard on the morning of the 12th sometime between twelve and two or three o'clock. It was still on the truck when witness came down the next morning. Mr. Scheyer testified that he lived at Big Spring and worked for the Pipe & Supply Company operated by witness Ooley, and that between two and four o'clock on the morning of March 12, 1935, appellant and Lawrence came to his house and got the keys to the warehouse so they could unload the pipe. He said that Lawrence had worked for them before and had a bed down at their ·warehouse. He also testified to seeing a truck driver named McNeal, who was with Rice and Lawrence.

Appellant testified that he bought the pipe in question in Duncan, Oklahoma, on Monday, March 11, 1935, from Ed

Saunders, manager of the Tri-State Supply Company. The price agreed upon was forty-five cents a foot. He said this deal was made about nine or ten o'clock that morning, and that he got back to Burkburnett, Texas, that afternoon about three or four o'clock, and told McNeal, the truck driver, to go to Duncan and get the pipe he had bought. We have looked carefully through the testimony of appellant to see if he at any time testified to giving McNeal any directions as to what to do with the pipe he was sending him to Duncan for,—but have failed to find such testimony. Nobody seems to know what became of McNeal after the pipe in question was sold in Big Spring. Appellant took the deposition of witness Saunders in Duncan, Oklahoma, who testified that on Monday, March 11th, he sold appellant pipe which corresponded with the pipe in question. We have carefully considered the evidence and are of opinion that it is amply sufficient.

Appellant has three bills of exception. The first complains of the introduction in evidence against him of an envelope addressed to Mrs. W. L. Rice, Burkburnett, Texas, Box 207, which was found the second day after the alleged theft on the ground at the end of the rack on which the alleged stolen pipe was located at the time it was taken. A witness testified to finding the envelope, and that it was unopened at the time he found it; that it was stamped, and the stamp had been cancelled. While a witness, appellant admitted that his wife had a sister who lived at Friona, and that this letter was addressed to his wife, and that he lived at Burkburnett, and that the number of his postoffice box was 207. We regard the letter as admissible as a circumstance to show who the parties were that stole the pipe. The testimony of witnesses showed there were tracks of two men at the rack from which the pipe was stolen, and apparently the track of another person having on some kind of shoes called cowboy shoes at the point where the truck stopped near by.

Appellant's second bill of exceptions was reserved to the admission of the testimony of the witness Ooley who, upon cross-examination, testified that appellant had a good reputation for being a peaceable, law-abiding citizen at Big Spring, but that he did not know what appellant's reputation in said regard was at Burkburkett where appellant lived. On redirect examination and over objection this witness testified that since the time of this alleged theft he had heard quite a bit about appellant, and that what he had heard had been bad. The objection was not to the form of the answer, but apparently was

based on the proposition that a bad reputation growing out of the commission of the crime for which the accused is on trial could not be given against him in testimony. We agree with appellant in this statement of the law, but the record in this case does not bear him out. It appears that appellant had filed an application for a suspended sentence which, under the authorities, made admissible his reputation as a peaceable, law-abiding citizen at the time of the trial. There is nothing in the bill of exceptions, nor anywhere else in the record, to show that the subsequent conversation or talk about appellant's reputation related to the present offense or grew out of the commission thereof. We have examined the record closely, and our conclusion is that the discussion of appellant's reputation subsequent to the commission of the offense here charged related to other matters and did not relate to this offense.

Appellant's bill of exceptions No. 3 complains of the fact that a witness who went to Duncan after this alleged offense was committed, and examined the books of the Tri-State Supply Company, where defense witness Saunders worked, was permitted to testify that said books showed no record of the sale of any pipe on the 11th of March, 1935. Under the authorities in this State we do not think the evidence secondary evidence, nor subject to the objection made by appellant. One who has examined books may be permitted to testify that they do not show records of transactions inquired about. See Long v. State, 120 Texas Crim. Rep., 382; Moore v. State, 87 Texas Crim. Rep., 77; Ferguson v. State, 79 Texas Crim. Rep., 646; Wilson v. State, 61 Texas Crim. Rep., 628; Strong v. State, 18 Texas App., 24.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The State's Attorney before this court objects to the consideration of the appellant's motion for rehearing for the reason that it was not timely filed. The judgment was affirmed on April 15, 1936. The fifteen days allowed for the filing of the motion for rehearing expired on April 30th. The motion for rehearing, which was sent in a letter postmarked April 30, 1936, reached this court on May 2, 1936, which was seventeen days after the case was affirmed.

The question presented is whether the motion for rehearing

can be considered under the circumstances. In Texas Jur., Vol. 4, p. 510, sec. 357, it is said:

"In the absence of exceptional extenuating circumstances, the court will not ordinarily consider or act upon a motion which is filed after the expiration of the prescribed period, but will strike it from the docket."

Several cases are cited in the notes to the text mentioned.

It is only in exceptional cases where, in the opinion of the court, the law has been misconstrued or misapplied that a motion can be considered which was not filed within the prescribed time.

In the present instance the decision on the original hearing is regarded as correct.

Since the motion for rehearing cannot be considered, it is therefore stricken from the docket.