### R. R. (Roy) Smith v. The State.

No. 18482. Delivered December 2, 1936.
Rehearing Denied January 13, 1937.

The opinion states the case.

*Oscar Callaway*, of Comanche, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The offense is burglary; penalty assessed at confinement in the penitentiary for two years.

After a re-examination of the record in the light of the motion for rehearing filed by counsel for the State, it is imperative that this court set aside the order of reversal and affirm the judgment of conviction.

The record before us is quite confusing. The indictment was filed October 29, 1935. The verdict was rendered November 13, 1935. Sentence was pronounced and the judgment became final December 12, 1935. The motion for new trial was filed November 15, 1935, but the record is silent as to the court's action thereon. Six bills of exception are found in the record. They were filed March 16, 1936. The statement of facts was filed on the same date. The transcript fails to show when the court commenced, although the caption states that the court adjourned January 11, 1936. The bills of exception were filed too late for consideration as the thirty days allowed by law from the adjournment of court expired February 11, 1936.

Upon the record as now presented, we are constrained to withdraw the original opinion, to set aside the reversal and to order an affirmance of the judgment, which is accordingly done.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The opinion affirming the judgment was rendered on December 2, 1936. On December 28, 1936, the Clerk of this court received from appellant's attorney a motion for rehearing. It reached the Clerk eleven days too

late. The reasons set forth in the motion attempting to excuse the delay are not regarded as sufficient, and even if they were, the facts stated in the motion are in no way verified. We further observe that appellant's motion for new trial setting up new evidence which was not available to appellant upon the trial was not sworn to. This has always been held necessary. See Denning v. State, 48 S. W. (2d) 643, and cases therein cited.

Appellant's motion for rehearing is overruled.

*Overruled.*