## CLYDE MASONHEIMER V. THE STATE.

No. 19174. Delivered June 25, 1937.
On Appellant's Motion October 20, 1937.

The opinion states the case.

*W. E. Pinkston,* of Dallas, for appellant.

*Charles J. Lieck,* of San Antonio, for appellant on motion filed.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of passing a forged instrument, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The record is before us without any statement of facts. There is but one bill of exception in the record relating to the court's action in overruling his plea of former jeopardy. The bill within and of itself fails to contain sufficient facts to support his plea and in the absence of a statement of facts the bill cannot be properly appraised.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The opinion affirming the judgment of conviction was rendered June 25, 1937. The appellant's motion for rehearing was received by the clerk of this court on July 22, 1937, which was 27 days after the rendition of the original opinion. It is a well-settled rule of this court that motions for rehearing must be filed within fifteen days after the date of the original opinion or some good reason given for the failure to do so. See Smith v. State, 75 S. W. (2d) 449; Rice v. State, 93 S. W. (2d) 1149; Smith v. State, 100 S. W. (2d) 359; 4 Tex. Jur., p. 510, sec. 357. In our examination of the motion for rehearing filed by counsel for appellant, we have failed to find any reason for the failure to file the motion within the prescribed time.

The motion for rehearing having been filed too late for consideration, it is therefore overruled.

*Overruled.*