malt liquors at the place in question, and in view of the further fact that appellant was employed as a bartender at said place and was working there at the time in question, we are of opinion that the proof supports the allegation that he was the agent and employee of Salibo.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, Presiding Judge.

Our re-examination of the record in the light of the appellant's motion for rehearing leads us to the conclusion that proper disposition of the appeal was made upon the original hearing.

The motion for rehearing is overruled.

Charles J. Lieck, of San Antonio, for appellant.

MORROW, Presiding Judge.

The opinion affirming the judgment of conviction was rendered June 25, 1937. The appellant's motion for rehearing was received by the clerk of this court on July 22, 1937, which was 27 days after the rendition of the original opinion. It is a well-settled rule of this court that motions for rehearing must be filed within 15 days after the date of. the original opinion or some good reason given for the failure to do so. See Smith v. State, 127 Tex.Cr.R. 273, 75 S.W.(2d) 449; Rice v. State, 130 Tex.Cr.R. 342, 93 S.W.(2d) 1149; Smith v. State, 131 Tex.Cr.R. 530, 100 S.W.(2d) 359; 4 Tex.Jur. p. 510, § 357. In our examination of the motion for rehearing filed by counsel for appellant, we have failed to find any reason given for the failure to file the motion within the prescribed time.

The motion for rehearing having been filed too late for consideration, it is therefore overruled.

## MASONHEIMER v. STATE.

No. 19174.

Court of Criminal Appeals of Texas.

Oct. 20, 1937.

For original opinion, see 107 S.W.(2d) 379.